BELCHER v. SCHMIDT et al. (No. 2298.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 6, 1921.)

Wills ⬡➝601(8)—Construed as devising real estate to wife, if surviving testator; otherwise to children and grandchildren.

A will bequeathing real estate to testator's wife, and in later paragraphs expressing a desire that his estate be kept together until majority of his youngest child, and then for partition and division between his children, devised the property to the wife in the event she survived him, and devised it to their children and grandchildren in the event he survive her.

Appeal from District Court, Gregg County; Chas. L. Brachfield, Judge.

Action by J. E. Belcher against Ed Schmidt and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Ed Schmidt died testate January 13, 1902. He left his wife, Anna Schmidt, and several children surviving him. His last will, which was duly probated May 20, 1902, was as follows:

"In the name of God, Amen.

"I Ed Schmidt of the town of Longview, county of Gregg, state of Texas, being of sound mind and disposing memory and good health, considering the frailty and uncertainty of human life, and being desirious of settling my worldly affairs and directing how the Estate with which it has pleased a benevolent Creator to bless me. Shall be disposed of after my decease, while I have strength and capacity so to do, make and publish this my last will and testament.

"Item 1. It is my will and desire that all my just debts and funeral charges shall be paid out of my estate as soon after my death as conveniently can be done.

"Item 2. I give and bequeath unto my beloved wife, Anna Schmidt all my estate both real and personal of which I shall be seized and possesséd in the town of Longview, Gregg county, Texas, together with my life insurance, and also all of the property comming to me from my father and mother's estate in Asch, Bohemia (Europe).

"Item 3. I hereby appoint my wife Anna Schmidt of Longview, Gregg county, Texas, my executor of my Estate without bond.

"Item 4. It is my desire and wish that my estate shall not be brought into litigation in any way, further than this my last will and testament be probated, and an inventory made of the estate.

"Item 5. It is my desire and wish that if I should survive my wife Anna Schmidt, then in that event and after my death that my son Ed Schmidt is hereby appointed administrator of my estate without bond, and no further action be had than the probating of this will and testament and an inventory made of said estate.

"Item 6. It is my desire and wish that my estate shall be kept together and go on as it is

at my death, until my youngest child shall become 21 years of age.

"Item 7. It is my desire and wish that after my youngest child shall become 21 years of age that partition or division shall be made between my children. If any of my children are dead and leave children, then in that event then their children shall take their parents share and all shall share equally with each other, share and share alike.

"Item 8. It is my desire and wish that my son Ed Schmidt shall become by this, my last will and testament administrator, he shall receive and be allowed for his services, as such administrator a reasonable sum for said services from said estate until partition or division is had.

"Witness my hand and scroll for seal at Longview, Texas, Gregg County, this the —— July, 1901. Ed Schmidt.

"Witnesses: W. M. Lawrence. E. W. Clark."

Anna Schmidt died at a time not shown by the record.

Appellant was the plaintiff in the court below. He was the father and only heir of Benjamin Franklin Belcher, who died June 12, 1918, and who was a grandson of said Ed and Anna Schmidt. Appellant's suit was to recover as against appellees, who were heirs (or assigns) of said Anna Schmidt, an undivided interest he claimed to own as heir of his said son in real estate in Longview, Gregg county, particularly described in his petition, which belonged, he alleged, to the community estate between said Ed and Anna Schmidt. The theory on which he claimed a right to the recovery he sought was that the will operated to pass title to the property in question to the testator's children and grandchildren, to be partitioned among them when the youngest of the children became 21 years of age. The trial court determined that it operated instead to pass the title to the testator's widow, Anna Schmidt. The appeal is from a judgment that appellant take nothing by his suit, and in favor of appellees for costs.

Martin & Beall, of Longview, for appellant.
Young & Stinchcomb and Edwin Lacy, all of Longview, for appellees.

WILLSON, C. J. (after stating the facts as above). It is conceded the judgment is right if the effect of the will was to pass the title in the testator to the property in question to his widow, Anna Schmidt. It is further conceded that such would have been its effect if the will had consisted alone of the first five paragraphs thereof. The contention is that there is an irreconcilable conflict between the provisions in the paragraphs specified and the provisions in the other parts of the will, and that the conflict should be resolved by ignoring the former and by giving effect to the latter, according to which, if considered alone, said title would pass to the children and grandchildren of the testator, charged, possibly, appellant says, with a life estate in favor of the widow. The contention will be overruled, because we do not think there is any conflict between the provisions in the will. As we view same, they plainly show the intention of the testator to have been to devise the property to his wife in the event she survived him, and to devise it to their children and grandchildren in the event he survived her.

The judgment is affirmed.