**WILLIAMSON et al. v. COWAN et al.*
(No. 87.)**

(Court of Civil Appeals of Texas. Waco. Oct. 9, 1924. Rehearing Denied Nov. 6, 1924.)

**1. Deeds ⬀95—Grantor's intention must be ascertained, if possible, from instrument itself.**

Intention of party executing conveyance must be ascertained, if possible, from instrument itself.

**2. Deeds ⬀95—Technical meaning of technical words governs in absence of apparent contrary intent.**

Where grantor's intent is clearly manifest, words used must be taken in common acceptation, unless instrument uses words having tech-

nical meaning, which will govern, in absence of anything in instrument showing contrary intent.

**3. Deeds ⬀124(4)—Instrument construed to convey fee-simple title to maker's daughters.**

Instrument granting land to maker's daughters and lawful heirs of their bodies, or, if none, to their surviving sisters or surviving lawful heirs of their bodies and assigns forever, to have and to hold unto such daughters, their lawful heirs and assigns, and warranting title to them, *held* to convey fee-simple title, not simply life estate, to daughters.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by W. B. Williamson and others against J. L. Cowan and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Sleeper, Boynton & Kendall, of Waco, for appellants.

Wear, Wood & Wear, of Hillsboro, for appellees.

BARCUS, J. On August 15, 1872, Phillip Gathings executed the following instrument:

"This indenture made between Phillip Gathings of the first part, and Mary E. Gathings and Josephine A. Gathings and Maggie Lilly Gathings, my daughters, of the second part, witnesseth: That the said party of the first part, as well for and in consideration of the love and affection which he has and bears towards the said parties of the second part, by these presents does give, grant, alien, *enscoff*, release and confirm unto said parties of the second part, the lawful heirs of their bodies, and if no lawful heirs or heir of their bodies, in that case ·to their surviving sister or sisters, and if no surviving sister or sisters, to the surviving lawful heirs or heir of their bodies, and assigns, forever, all the certain tracts, pieces or parcels of land in Hill County, Texas [and then describes three tracts of land of 166 acres each, being a separate tract for each daughter], "together with all and singular the tenements, hereditaments and appurtenances thereto belonging or in any wise incident or appertaining. To have and to hold the said hereby granted and described premises and every part therewith the appurtenances unto the said parties of the second part, their lawful heirs or heir of their bodies, and assigns, to them and their only proper use, benefit and behoof, and I, the said Phillip Gathings, for myself, my heirs, my executors and administrators, do covenant with the said Mary E. Gathings and Josephine Ann Gathings and Maggie Lilly Gathings, their legal heirs or heir of their bodies and assigns, that I am lawfully seized in fee of the aforesaid granted premises, that they are free from all incumbrances, that I have good right to sell and convey the same to the said Mary E. Gathings and Josephine Ann Gathings and Maggie Lilly Gathings, as aforesaid, and that I will and my heirs my executors and administrators shall warrant and defend the same to the said Mary E. Gathings and Josephine Ann Gathings and Maggie Lilly Gathings, their heirs as aforesaid and assigns

forever against the lawful claims and demands of all persons claiming by, through or under me."

It was properly acknowledged and recorded in the deed records of Hill county, Tex., on September 25, 1873. At said time each of the three girls was unmarried and all living with their father. Afterwards, the dates not being given, each of the three girls married and bore children. Josephine Ann Gathings married R. A. Williamson, and after they were married they conveyed by general warranty deed the Josephine Ann Gathings tract of land to appellees. The deed to appellees was properly acknowledged and recorded in the deed records of Hill county on the 3d day of April, 1905. Josephine A. Williamson (née Gathings) died January 8, 1919, and left surviving her W. B. Williamson, Mrs. Ulyssa Sutton (née Williamson) who married H. B. Sutton, Ethel Williamson and P. G. Williamson, appellants herein, and Eva Williamson, R. A. Williamson, and Mrs. Idella Rylander (née Williamson) each of whom is now living.

The cause is presented here as an agreed case, the only question being the construction to be placed on the above instrument from Phillip Gathings to his daughters, as to whether said instrument conveys the fee-simple title to them or whether it conveyed simply a life estate to them with the remainder to their children. The appellants brought the suit in trespass to try title, alleging that they were the children of Josephine A. Williamson and that, by reason of the terms and conditions contained in the above instrument, they were entitled to recover the title and possession of the 166 acres conveyed in said instrument to their mother, Josephine A. Williamson (née Gathings).

There was no evidence offered in any way attempting to explain or throw light on the intentions of Phillip Gathings at the time he executed the instrument in 1872, and we must therefore pass on the instrument as it is written.

The instrument in its granting clause is a conditional deed, executed in consideration of the love and affection of Phillip Gathings for his daughters, whereby the property is conveyed to his daughters and "the lawful heirs of their bodies," if they had heirs. As to what the result would have been if the daughters had died without lawful heirs, it is unnecessary for us to and we do no determine, since it is an admitted fact that each of the daughters married and bore children, who were surviving at the time of the death of Josephine A. Williamson (née Gathings). The granting clause, taken alone, evidences an intention to convey a fee-simple title on conditional limitation, Lockridge v. McCommon, 90 Tex. 234, 38 S. W. 33, while the habendum clause, taken alone, indicates

an intention to convey the property to Phillip Gathing's daugthers in fee simple; the expression used in the habendum clause being that the property is conveyed to the daughters, naming them, and their lawful heirs or heirs of their bodies and assigns, and warrants the title to his daughters and their heirs. Simonton v. White, 93 Tex. 50, 53 S. W. 339, 77 Am. St. Rep. 824.

[1, 2] Each instrument of this character must be determined from its own contents. The rule of law is that the intention of the party executing the instrument shall, if possible, be ascertained from the instrument itself, and, where that intention is clearly manifest, the words used shall be taken in their common acceptation, rather than in a technical sense. Where, however, the instrument uses words which have a technical meaning, and nothing is contained in the instrument to show that the party executing same intended any other meaning, the words used in their technical meaning will govern.

[3] There is nothing in the instrument in this case which to our mind indicates any intention on the part of Phillip Gathings, in the event his daughters had lawful heirs, to limit the title to the property conveyed to simply a life estate, and, under the wording of the instrument, we believe the effect thereof was to convey the fee-simple title to his daughters, and the deed from Josephine Ann Williamson and husband to the appellees herein conveyed a good title. Hopkins v. Hopkins, 103 Tex. 15, 122 S. W. 15; Hunting v. Jones (Tex. Com. App.) 215 S. W. 959; Crist v. Morgan (Tex. Com. App.) 245 S. W. 659; Lacey v. Floyd, 99 Tex. 112, 87 S. W. 665.

The judgment of the trial court is in all things affirmed.