### CHATHAM PHENIX NAT. BANK & TRUST CO. et al. v. HIATT et al.
### No. 9495.

Court of Civil Appeals of Texas. San Antonio.

Jan. 9, 1935.

Rehearing Denied Feb. 13, 1935.

Mann, Neel & Mann, of Laredo, for appellants.

Phelps & Phelps and S. T. Phelps, all of Laredo, for appellees.

SMITH, Justice.

On November 23, 1915, G. C. Hiatt executed his last will, in which he devised all of his estate to his wife, Mildred H. Hiatt; the couple being childless at that time.

Two years later a daughter, Mary Melissa Hiatt was born to the Hiatts, but the testator made no change in his will, and took no testamentary cognizance of his after-born daughter.

Six years later, Hiatt died, and in due course his will, as originally executed, was duly probated, whereby his widow was confirmed as his sole legatee. The existence of the pretermitted child was ignored in the probate proceedings, to which she was not a party.

At the time of Hiatt's death he and his wife owned a certain parcel of real estate in the city of Laredo; the same being community property. Two years after Hiatt's death his widow, individually, borrowed a substantial sum of money, giving a deed of trust upon said property to secure her note evidencing said debt. The note was afterwards enlarged and the deed of trust lien renewed, and the present owner and holder thereof, Mortgage Guarantee Company of America, assignee of the Chatham Phenix National Bank & Trust Company, brought this action against Mildred H. Hiatt and her said daughter, Mary Melissa Hiatt, a minor, to recover of the former upon the debt and to foreclose the deed of trust lien upon said property as against both defendants. The trial court rendered judgment awarding recovery in favor of the mortgage company against Mrs. Hiatt for the amount of the note and for foreclosure of the deed of trust lien upon said property against both Mrs. Hiatt and her said minor daughter, Mary Melissa, but decreeing that an order of sale of the undivided one-half interest in the property owned by the latter be not issued, unless and until she die before reaching the age of twenty-one years, and without having married. The mortgagee has appealed upon the contention that it was entitled to an absolute order of sale of the whole estate in the property, including the undivided one-half interest claimed by the daughter, Mary Melissa.

Appellant contends, in effect, that the order of the county court admitting the will of G. C. Hiatt to probate was tantamount to an adjudication of the whole title of said property into the widow of the testator, thereby cutting off the pretermitted daughter, Mary Melissa; that said order, not being set aside or appealed, became a final judgment not subject to collateral attack, and was res judicata of the question of Mary Melissa's title; that thereby the whole estate was vested in the widow, whose conveyance thereof in trust was valid and enforceable, and entitled the mortgagee to absolute foreclosure upon the whole estate in the property. Appellant also contends, moreover, that it was an innocent purchaser of the note and lien, for value, without notice of the asserted interest of Mary Melissa, who is now estopped to assert that interest, which was not disclosed of record.

The questions thus raised seem to be foreclosed against appellant by the statutes, and the decisions thereunder. Article 8293, R. S. 1925; article 3314, R. S. 1925; Taylor v. Martin's Estate, 117 Tex. 302, 3 S.W.(2d) 408; Frame v. Whitaker, 120 Tex. 53, 36 S.W.(2d) 149; Cline v. Niblo, 117 Tex. 474, 8 S.W.(2d) 633, 66 A. L. R. 916; Burton v. Conn. Life Ins. Co. (Tex. Civ. App.) 72 S.W.(2d) 318; Hilburn v. Harris (Tex. Civ. App.) 29 S. W. 923; Steed v. Petty, 65 Tex. 490; Harper v. Utsey (Tex. Civ. App.) 97 S. W. 508.

It is provided in article 8293, that: "Every last will and testament made when the testator had no child living, wherein any child he might have is not provided for or mentioned, if at the time of his death he shall leave a child, or leave his wife enciente of a child which shall be born, shall have no effect during the life of such after-born child, and shall be void, unless the child die without having been married and before he shall have attained the age of twenty-one years."

It is provided in article 3314 that, "whenever a person dies intestate, all of his estate shall vest immediately in his heirs."

It will be seen, then, that under the plain provisions of article 8293 the will of G. C. Hiatt was void as to the pretermitted child, Mary Melissa, who was born after the execution of the will, in which she was "not provided for or mentioned," and who survived the testator, and still lives. In consequence, she inherited from her father as if he had died intestate, so that upon his death her portion of her father's estate, to which she was entitled under our laws of descent and distribution, "vested immediately" in her. Such is the obvious effect of the unmistakable and mandatory provisions of the statute.

The will being void as to the pretermitted child, its probate without reference to her could not impair her rights, or affect her title to an estate which had already vested in her under the statute, at the death of the testator. The order of the probate court by which the will was probated, in a proceeding to which she was not a party, could no more bind her than could a judgment of any other court in a proceeding to which she was not a party. As to her and her vested rights, it was a mere

nullity, and the doctrine of res judicata cannot avail against her.

The probate of the will of the deceased testator decided nothing but the due execution and publication of the will. It can be given no weight in the settlement of the property rights of diverse claimants upon the estate of the decedent; certainly it is not conclusive of the rights of one claiming a share of that estate independently of the will. It follows, then, that the claim of innocent purchaser, set up by appellant in this case, is without merit, and was properly denied below. 28 R. C. L. 377, 379; Cline v. Niblo, 117 Tex. 474, 8 S.W.(2d) 633, 66 A. L. R. 916; Burton v. Ins. Co. (Tex. Civ. App.) 72 S.W. (2d) 318 (writ refused).

The judgment is affirmed.