**LABORDE et al. v. FIRST STATE BANK & TRUST CO. OF RIO GRANDE CITY.**

**No. 9890.**

Court of Civil Appeals of Texas. San Antonio.

Dec. 9, 1936.

Rehearing Denied Jan. 20, 1937.

J. T. Canales and Kenneth Faxon, both of Brownsville, and Bruce Teagarden, of San Antonio, for appellants.

Hill & Greer and Julius Franki, all of Mission, for appellee.

SMITH, Chief Justice.

Francis Laborde and Eva Marks were married in Starr county on March 4, 1896, and resided there for a number of years, and until they removed to San Antonio. During their married life they accumulated a very substantial estate, situate both in Starr and Bexar counties, which they possessed at the time of Francois Laborde's death, testate, on August 11, 1917. His widow and five children survived him.

On June 14, 1906, Francois Laborde executed a holographic will, in which the only provision pertinent to this appeal is as follows:

"Third: It is my will and desire that all the property, both real and personal, I may die seized and possessed of, after the payment of my just debts, together with all the expenses incident to the probating of this will, shall pass to and vest in fee simple in my beloved wife, Eva Marks Laborde, and after the payment of all my just debts, I give, bequeath and demise to my beloved wife, Eva Marks Laborde, the remainder of all the property I may own or be interested in at the time of my death, in fee simple, to manage, sell or dispose of as she may wish or see proper."

At the time this will was executed three children, Blanche, Francois Ernest, and Leonard, had been born to the union. Later, in 1907 and 1910, respectively, two other children, Lionel and Ernestine, were born to the union, and after their birth, on July 31, 1916, the father, Francois Laborde, executed and delivered into his wife's keeping a holographic instrument, duly dated, consisting only of a list of substantially all the community properties, and his appraisal of the value of each property, to which he added this concluding sentence:

"All being for my wife first, afterwards for my children."

After the death of Francois Laborde, his widow sold most of the properties belonging to the estate, and mortgaged other parts thereof to the First State Bank & Trust Company of Rio Grande City, to secure amounts aggregating about $15,000 advanced to her by the bank. In default of the payment of the debt by Mrs. Laborde, the bank brought this action against her for the amount thereof, and to foreclose its deed of trust lien upon the mortgaged property. The Laborde children, appellants herein, intervened in the suit, alleging that by virtue of the two testimentary instruments executed by Francois Laborde, their mother, Eva Marks Laborde, took only a life estate in the community estate, with remainder over to appellants, and, without their joinder, could convey no more than that interest, wherefore the foreclosure sought by the bank should be limited to that interest.

Upon a trial without a jury the court rejected the children's claim, and rendered judgment for the bank for the amount of the debt and foreclosure upon the security. The Laborde children, interveners below, have appealed.

The record shows that the original will was probated in the county court of Bexar county on November 12, 1917. The second holographic instrument was not probated until May 1, 1922, five years later, because it had been misplaced in the meantime. It was probated as a muniment of title, and was found by the probate judge to be a codicil to the original will, and as confirming the earlier devise to the widow in fee simple, of all the testator's estate. No appeal was taken from the judgment of the probate court.

The original will was duly recorded in Starr county, where the property here involved was situate. But the second instrument, here relied upon by appellants, was never recorded in that county.

For convenience, the original instrument will be herein referred to as the "will" and the second instrument as the "codicil."

As the primary basis of their case, appellants contend that the codicil, whether regarded as the testator's last will, or as a codicil thereto, operated to revoke or change the original will, in that

"(a) It (the codicil) changed the fee simple estate theretofore devised to Mrs. Laborde, his wife, and substituted for it a life estate in her favor with a vested remainder in her children.

"(b) It revoked the power incident to a fee simple estate, that is, the power to 'sell or dispose of as she may wish or see proper' because such power is wholly inconsistent with the estate of remainder granted by the holographic instrument in favor of testator's children."

■ The sparse and vague contents of the codicil, at least upon first impression, raise the question of whether or not the instrument was, in law and fact, testamentary in character. But it seems to be true that that question is at once foreclosed by the action of the probate court in admitting the instrument to probate, and by the specific finding of the probate judge that it was "in fact a codicil to" the original will. That action, and finding, of the probate court became final, and, being clearly within the jurisdiction of the tribunal, is conclusive upon all the world, until set aside by a direct action for that purpose. Jarmon on Wills (2d Am.Ed.) pp. 212, 213; 2 Freeman on Judgments (5th Ed.) pp. 1730, 1731; Whitman v. Haywood, 77 Tex. 557, 14 S.W. 166; Richardson v. Bean (Tex.Civ.App. writ ref.) 246 S.W. 1096. Through all the years, and up to the time of the filing of this suit, and in the very pleadings of the parties in this suit, as well as in numerous prior suits involving the question, all the parties to this litigation have treated the codicil as a codicil to the original will, as it was found to be by the probate court. It will be so regarded in this decision.

■ We hold, however, that the conclusion expressed in the order of probate, that the codicil, in connection with the will, "passes title to" the testator's widow, "to all of the property of the testator therein described, and especially passes title to said testator Francois Laborde's community interest therein to the applicant (the widow), the said Eva Marks Laborde, absolutely, in fee simple and forever," was ineffectual because it was beyond the power of the probate court to construe that instrument to the extent of adjudicating the title to the estate therein devised. Chatham Phenix Nat. Bank & Trust Co. v. Hiatt (Tex.Civ.App. writ ref.) 78 S.W. (2d) 1105, and authorities cited.

■ It being decided that the 1916 instrument was but a codicil to the original will of 1906, it follows that the two instruments together constitute the last will and testament of the testator. Eubank v. Moore (Tex.Com.App.) 15 S.W.(2d) 567.

■ It may be said at the outset that it is true, of course, that where there are two testamentary instruments, subject to probate and which have been probated, as in this case, both instruments must be considered and construed together, so as to ascertain the true intention of the testator, and give effect to every provision in both instruments, in so far as they are not materially inconsistent with each other, and are susceptible of ascertainment and enforcement, and do not contravene the laws of the land. And where there are inconsistent provisions in the two instruments which cannot be reconciled, those in the earlier instrument, so conflicting, must give way to those in the later one.

The question is presented as to whether the codicil had the effect, first, of revoking the will; and, second, of substituting a life estate, in the testator's interest, in the widow, for the fee-simple estate given her therein by the terms of the will. We have concluded that the codicil may not rationally be given either of these effects; that the will was not revoked by the codicil, nor was the fee-simple title devised by the will converted into a life estate, with remainder over to the children, by the language of the codicil.

■ It is a well-settled rule—and certainly a wise one—that a codicil may not effectuate the revocation of a will except by express language having that particular effect, or by necessary implication arising from express provisions of the later instrument. Certainly, revocation cannot be implied from vague, doubtful, or ambiguous language used in a codicil, or from lan-

guage less clear and specific than that used in the instrument sought to be revoked. Schouler on Wills (5th Ed.) §§ 407, 426; Alexander on Wills, § 528; Thompson on Wills (2d Ed.) § 167; 68 C. J. pp. 803, 808, §§ 491, 500; 28 R.C.L. p. 200, § 158; 51 A.L.R. 696, annotation; Adams v. Maris (Tex.Com.App.) 213 S.W. 622.

It is true, as contended by appellants, and asserted in the authorities cited, that a will may be revoked wholly or in part, by implication from express provisions of a later testament, such as a codicil, by making a different and contrary disposition of identical properties. But such revocation and substitution may be effectuated only by clear and unambiguous language, where, as in this case, the devise of the estate in fee was plain, unambiguous, and absolute. Certainly, under the authorities cited, the intention to revoke, to be effective, must be expressed as clearly and emphatically as the prior devise in fee. In this case, however, the language of the will, in which the whole estate was devised in fee, is clear, unmistakable, and conclusive, and left no doubt of the intention of the testator to devise his entire estate, in fee, to his widow; whereas, the language of the codicil upon which appellants seek to destroy that devise, and convert it into a life estate, is, to say the least of it, vague and ambiguous, and evidences no clear intention of the testator with reference to the disposition of his estate. In the codicil the testator simply listed the properties comprising the community estate, and added the obscure phrase, "all being for my wife first, afterwards for my children." Does that clause express an intention of the testator to give his wife a life estate in all his property, with remainder over to his children, as now contended by appellants? Or does it express an intention of the testator to give his widow the fee-simple estate in all the property, and, in case of her death before him, or if she die possessed of any of the property so devised to her, that that remaining should go to the children? It seems obvious that one put to it to determine intention from the disputed provision must adopt the latter interpretation over the former. We hold that the language of the codicil is too vague and indefinite to effectuate a revocation, by implication, of the plain and absolute devise in fee made in the will, and a substitution of the lesser estate therefor. This holding is forced by the authorities cited above.

The holding is further supported by the Texas rule that where an estate in lands has been devised without words necessary at common law to transfer the fee-simple estate, the transfer of that estate shall nevertheless be presumed, unless the intention to convey a less estate is clearly expressed in the devise. Article 1291, R.S. 1925; Thompson on Wills (2d Ed.) § 243; McMurry v. Stanley, 69 Tex. 227, 6 S.W. 412; Gilliam v. Mahon (Tex.Com.App.) 231 S.W. 712; Frame v. Whitaker, 120 Tex. 53, 36 S.W.(2d) 149; Feegles v. Slaughter (Tex.Civ.App. writ ref.) 182 S.W. 10; Williamson v. Cowan (Tex.Civ. App. writ ref.) 265 S.W. 745.

Moreover, even if the codicil could be given the effect of converting the estate in fee devised by the earlier testament, into a life estate in the widow, with remainder over to appellants, yet the judgment appealed from should nevertheless be affirmed, for the reason that in the will the widow was given absolute power to sell and otherwise dispose of the entire estate, which power was left unimpaired by the codicil, and exercised in this case by her. The rule is elemental that a probated will, or codicil, will not be construed to revoke all or any part of an earlier will, except by express language or by implication arising from affirmative inconsistencies, and in such event those parts, if any, remaining unimpaired in the will must be given effect. The power of sale and disposition expressly given to the widow by the terms of the will, cannot be held to have been revoked by the codicil, which was silent upon the subject. Eubank v. Moore (Tex. Com.App.) 15 S.W.(2d) 567.

The language of the will was that Mrs. Laborde should have the power to "manage, sell or dispose of" the testator's estate "as she may wish or see proper," and a power conferred in that language included, by necessary implication, the power to mortgage. Sampson v. Williamson, 6 Tex. 102, 55 Am.Dec. 762; Faulk v. Dashiell, 62 Tex. 642, 50 Am.Rep. 542. Applying that rule here, when Mrs. Laborde mortgaged to appellee the property involved, the same being a part of the estate devised, it was but the exercise of the power given in the will, and not revoked by the codicil, and this would be true, even though, as appellants contend, the devise in fee given by will was converted by codicil into a life estate, with remainder over to appellants.

By way of summary, we say that, under the several authorities herein cited, and the conclusions we have announced, there is no express or necessarily implied provision or language in the codicil which may be given revocatory effect upon the will or any provision therein. If the language, "All being for my wife first," is sufficiently plain to mean anything, it would seem to confirm the provision of the will devising to the widow a fee-simple estate in "all" of the testator's property; if the ensuing and concluding clause in the codicil, "afterwards for my children," considered, as it must be, with the preceding clause just quoted, is sufficiently explicit to constitute a devise, it can mean no more than an expression of the wish or intention of the testator, by way of substitution, that if the testator survive his wife, the estate should go to their children, or, in the alternative, that if his wife survive the testator, the children should have whatever portion of the estate remained undisposed of at her death. Alexander on Wills, p. 714, § 526; 69 C.J. p. 351, §§ 1326, 1357; Belcher v. Schmidt (Tex.Civ.App. writ ref.) 226 S.W. 491. By these processes, revocation of the will may be avoided, effect may be given to both instruments, possible inconsistencies between the two reconciled, and the object of the law accomplished.

As has been stated, two children were born to the Labordes after the execution of the will, but before the execution of the codicil. Appellants contend that as these two children were born after the execution of the will, their right of inheritance was not affected by the will, and that they were, accordingly, entitled to take proportionately under our laws of descent and distribution, without regard to the provisions of the will, as provided in article 8292, R.S. 1925. This contention would be well made, but for the probate of the codicil, which was executed after the birth of those two children. Chatham Phenix Nat. Bank & Trust Co. v. Hiatt (Tex.Civ.App. writ ref.) 78 S.W.(2d) 1105, and authorities there cited.

It is now well settled, however, that the execution and probate of a codicil has the effect of republishing the will to which the codicil relates, so that the will "speaks from the date" of the codicil. Alexander on Wills, pp. 774, 1045, §§ 569, 713; Jarmon on Wills, p. 193; Schouler on Wills (5th Ed.) §§ 449, 450; 68 C.J., Wills, §§ 576, 577, 584, 586; Thompson on Wills (2d Ed.) p. 242, § 185; Holt's Simpkins' Adm. Est., § 351; 28 R.C.L., Wills, § 165; Campbell v. Barrera (Tex.Civ.App.) 32 S.W. 724; Watson v. Lindsley (Tex.Civ. App.) 2 S.W.(2d) 339. There seems to be no published Texas case specifically deciding the effect of republication by codicil, upon the rights of children pretermitted by an earlier will. But as the reason for the statutory protection of pretermitted children must rest upon the assumption that the testator could not have had them in contemplation at the execution of his will, and upon the presumption that he would have made provision for them had they been in being, that reason is absent at the time of the execution of a codicil after their birth. In short, the presumption must prevail that upon making the codicil the testator had in contemplation all his children, including those then in being, but pretermitted by his earlier will, and the statute made for the benefit of pretermitted children can have no rational application. Appellee has cited the following cases, from other jurisdictions, which support the above conclusion: Succession of Ledet, 170 La. 449, 128 So. 273; In re Cutting's Estate, 172 Cal. 191, 155 P. 1002, Ann.Cas. 1917D, 1171; Gulland v. Gulland, 81 W.Va. 487, 94 S.E. 943; Gooch v. Gooch, 134 Va. 21, 113 S.E. 873; Francis v. Marsh, 54 W.Va. 545, 46 S.E. 573, 1 Ann.Cas. 665. We hold, therefore, that by reason of the execution of the codicil after the birth of the children pretermitted by the will, a republication of the latter was effected, and those children were bound by the composite testament. Article 8292, R.S. 1925, cited above, and relied upon by appellants, was amended by the act of 1931 (Acts 42d Leg., p. 329, ch. 196, § 2 [Vernon's Ann. Civ. St. art. 8292]) so as to provide that when the surviving wife, who is the mother of all the testator's children, is the principal beneficiary of the testator's last will, "to the entire exclusion, by silence or otherwise, of all of said testator's children, then and in that event," the provision for pretermitted children shall not apply. That act, passed after the rights of the parties to this suit were fixed, is not applicable to this case, but the principle crystalized is analogous to the case made here, and may be considered in determining the policy of the law applicable to this case.

The conclusions we have stated settle the appeal, and the judgment is affirmed.