Galen E. MURPHY, Ind. Executor et al.,
Appellants,

v.

John O. SLATON, a Minor, et al., Appellees.

No. 6371.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 22, 1954.

Rehearing Denied March 22, 1954.

Hoover, Hoover & Cussen, Canadian, and Correll & Brownlee, and Boyer & Herndon, Perryton, for appellants.

Brummett, Brummett & Salyers, Lubbock, for appellees.

894

MARTIN, Justice.

This appeal arises out of a declaratory judgment of the District Court of Ochiltree County, Texas, construing the will of Annie E. Murphy, which will is composed of an original will and two codicils thereto. Appellants are the seven surviving children of B. H. Murphy and wife, Annie E. Murphy, both deceased. Appellee is John O. Slaton, who was adopted by Wilbur Slaton and Myrtle M. Slaton in the year 1943. Myrtle M. Slaton, now deceased, was one of the eight children named as devisees in the joint will of their father, B. H. Murphy, and of their mother, Annie E. Murphy. All parties to the appeal complain of some of the elements of the declaratory judgment appealed from and the various points will not be discussed separately but will be disposed of by the rulings hereinafter made.

The facts necessary to a disposition of the appeal are as follows. B. H. Murphy and wife, Annie E. Murphy, on the 16th day of June, 1928, executed and published a joint will by the terms of which the survivor should have all of the estate of every description, real, personal, and mixed, which either or both of them should own at the time of their death, to be used, occupied, and conveyed by such survivor during his or her lifetime. The will further provided that upon the death of the survivor that the eight children of the testator and testatrix then living should hold a life estate in eight specific half-sections of land. The will further provided that upon the death of any of the named children his interest would vest in the deceased's child or children or their descendants and if he should die leaving him no surviving child or children or their descendants then the same shall pass and descent to the other legatees named in the will. The will also contained a residuary clause providing that the balance of the estate remaining after payment of debts should pass to the legatees named, share and share alike. B. H. Murphy died on or about the 14th day of July, 1928, and his surviving wife, Annie E. Murphy, filed the joint will for probate in Ochiltree County, Texas, qualified

as independent executrix of said will, accepted and took the property thereunder, and exercised dominion and control of the estate until her death. John O. Slaton was adopted in the year 1943. On or about the 5th day of April, 1948, Annie E. Murphy executed and published a codicil wherein she expressed her intention to republish and to reaffirm said will executed jointly with B. H. Murphy but made specific bequests of certain property not devised in the original will other than by the residuary clause therein. With reference to this first codicil executed by Annie E. Murphy, she stated it was her intention to dispose of the property not specifically mentioned in said joint and mutual will and such property as had been acquired since its execution. She appointed her daughters, Margaret L. Hearn and Fairy Olmstead, independent executrixes of this codicil. Thereafter on or about the 5th day of August, 1950, Annie E. Murphy executed another codicil to her original will wherein she stated that it was her desire that the adopted children of her daughters and sons share the same in the estate as if they were born to said daughters and sons. Upon the death of Annie E. Murphy the joint will and two codicils hereinabove mentioned were filed for probate as the last will of Annie E. Murphy and were duly admitted to probate as such will by the County Court of Ochiltree County, Texas.

The admission of the joint will and two codicils to probate as the last will of Annie E. Murphy is the controlling issue in this cause of action as such order of the probate court was not appealed from and the present cause of action merely seeks a declaratory judgment construing the original will and two codicils composing the last will of Annie E. Murphy.

The various parties by their points of error and briefs present the following issues. The appellants, other than Galen E. Murphy, assert that the will executed by B. H. Murphy and Annie E. Murphy was a joint and mutual will executed pursuant to a contract between the said parties and that Annie E. Murphy, having filed the joint and mutual will for probate as the

will of B. H. Murphy, was estopped to change the same as her will by the drawing of the two codicils. However, it is noted as to the cases cited in support of this proposition that six of the same involve original contests of the will of the survivor as filed in the probate court, some involve deeds executed by the survivor, while one concerns a contest of a note and deed of trust. None of these cases involve a cause where a will or codicil executed by the survivor was admitted to probate without contest and without any appeal from the judgment admitting the instrument to probate as the last will of the deceased. Galen E. Murphy and John O. Slaton assert that the will was merely a joint will, not executed pursuant to contract, and that Annie E. Murphy had the full right to execute a new will and the two codicils. Galen E. Murphy also asserts that since the codicils dealt only with property acquired after the execution of the joint will and following the death of B. H. Murphy, Annie E. Murphy, even though the will were joint and mutual, was not estopped from executing the two codicils devising such after acquired property. Galen E. Murphy's principal interest under this issue is that he was given certain personal property and realty under the provisions of the first codicil executed by Annie E. Murphy. John O. Slaton asserts that title to the property devised to his mother was vested in her following the death of B. H. Murphy and that such interest passed by her will to her surviving husband, Wilbur R. Slaton, who assigned such interest to him, the said John O. Slaton. John O. Slaton further asserts that the codicil executed by Annie E. Murphy giving an adopted child, or children, the same rights as the natural children of the surviving heirs of B. H. and Annie E. Murphy, entitled him to the estate devised to his mother. He further asserts that since his adoption by his mother in 1943 placed him in the status of a natural child under the adoption statutes and his mother having predeceased her mother, Annie E. Murphy, that he took title to his mother's interest in the estate under the provisions of Article 8295 and Section 9 of Article 46a, Vernon's Annotated Civil Statutes of Texas, governing the adoption of children.

Under the record in this cause, briefly detailed above, this appeal is governed by the following rules of law as to the construction of the will of Annie E. Murphy and the rights of the respective parties thereunder.

(a) Winston v. Griffith, 133 Tex. 348, 128 S.W.2d 25, 26, [2] "But we do not need to determine authoritatively whether this was a joint will, or a reciprocal will, or merely the separate wills of each of the parties, because it was undoubtedly admitted to probate as the separate will of both Mr. and Mrs. Puryear, and having been admitted to probate as such it must be so treated here. Aniol v. Aniol, 127 Tex. 576, 94 S.W.2d 425; Wyche v. Clapp, 43 Tex. 543." Also see Graser v. Graser, 147 Tex. 404, 215 S.W.2d 867, Syls. 1 and 2; Laborde v. First State Bank & Trust Co. of Rio Grande City, Tex.Civ.App., 101 S.W.2d 389, Syl. 1, writ of error refused.

(b) "Not only was the execution of the codicil a republication of the will, but the latter instrument speaks from the date of the codicil. Campbell v. Barrera, Tex.Civ.App., 32 S.W. 724; Laborde v. First State Bank & Trust Co., Tex.Civ.App., 101 S.W.2d 389, error refused." Boyd v. Frost Nat. Bank, 145 Tex. 206, 196 S.W.2d 497, 508, [19–21], 168 A.L.R. 1326.

(c) The will and codicil expressed the testamentary wishes of Annie E. Murphy, "* * * wishes which the courts ought to respect most scrupulously." Boyd v. Frost Nat. Bank, supra, 196 S.W.2d 508, [19–21].

(d) "When a child is adopted in accordance with the provisions of this Article * * * said child shall thereafter be deemed and held to be, for every purpose, the child of its parent or parents by adoption as fully as

though born to them in lawful wedlock." Section 9, Article 46a, Vernon's Annotated Texas Civil Statutes.

■ (e) " * * * a devise or bequest to the 'children' of a named person will not be construed to include the adopted heir of such person unless the language of the will makes it clear that the testator so intended." 44 Tex. Juris, Syl. 232, Page 800. Briggs v. Peebles, 144 Tex. 47, 188 S.W.2d 147, Syl. 8; Harle v. Harle, 109 Tex. 214, 204 S.W. 317, 15 A.L.R. 1261, Syl. 2, 3.

■ (f) The statute under which John O. Slaton's rights must be determined as an adopted child was enacted after the rights of all the parties had become fixed as to the estate of B. H. Murphy by the probating of his will in 1928 and such adoption statute could not effect a change of the disposition made by such will. Hutchings v. Slemons, 141 Tex. 448, 174 S.W.2d 487, 148 A.L.R. 1320, Syls. 9 and 12; Sevine v. Heissner, 148 Tex. 345, 224 S.W.2d 184, Syl. 1 and 2.

■ (g) The two codicils and the original will constitute the last will and testament of Annie E. Murphy * * "And where there are inconsistent provisions in the * * * instruments which cannot be reconciled, those in the earlier instrument, so conflicting, must give way to those in the later one." Laborde v. First State Bank & Trust Co. of Rio Grande City, supra [101 S.W.2d 391 (3 and 4)]; Houston v. Schuhmann, Tex.Civ.App., 92 S.W. 2d 1086 [3–7], writ refused.

(h) Art. 8295, Vernon's Annotated Texas Civil Statutes. "Where a testator shall devise or bequeath an estate or interest of any kind by will to a child or other descendant of such testator, should such devisee or legatee, during the lifetime of the testator, die leaving children or descendants who shall survive such testator, such devise or legacy shall not lapse by reason of such death; but the estate so devised or bequeathed shall vest in the children or descendants of such legatee or devisee in the same manner as if he had survived the testator and died intestate."

■■ The rules as above enunciated are sufficient to govern a final construction of the original will and two codicils composing the last will of Annie E. Murphy and to fix the rights of the various parties in and to the property at issue under her will. The original will and two codicils compose the last will and testament of Annie E. Murphy. Since the first codicil executed by Annie E. Murphy makes a specific disposition of named property not shown in the original will, other than by the residuary clause, such specific bequests in the first codicil executed would govern the disposition of such bequests over the general residuary clause in the will. The codicils and original will should be construed scrupulously to effect the intent of Annie E. Murphy. Since John O. Slaton was adopted in 1943 and the original will of Annie E. Murphy speaks as of the date of the codicil in 1950, he would therefore take as a natural child of his deceased mother, Myrtle M. Slaton, as to the estate of Annie E. Murphy. This would be true irrespective of the second codicil executed by Annie E. Murphy declaring that adopted children should have the same rights as natural children, but under such second codicil his rights would be reaffirmed as to the estate devised by Annie E. Murphy. It must be recognized that John O. Slaton's adoption in 1943, though constituting him a natural child under the will of Annie E. Murphy as executed following his adoption, could not affect his status under the will of B. H. Murphy as probated in the year 1928. He was not a "child" of Myrtle M. Slaton under such provision in the will of B. H. Murphy. This rule would also govern as to any other adopted children in so far as the estate of B. H. Murphy is concerned. Nor would the second codicil executed by Annie E. Murphy as to adopted children vary the will of B. H. Murphy and the vesting of title thereunder as to John O. Slaton or adopted children of any of the surviving seven heirs of B. H. Murphy. As to the seven natural

children of B. H. Murphy and Annie E. Murphy, the first codicil executed by Annie E. Murphy ratified and confirmed the original joint will as to the devise of the specific tracts to each of said children.

Therefore, it follows that Anna Mae Taylor, Margaret L. Hearn, Fairy F. Pennington, Guelda A. Murphy, Galen E. Murphy, Wayne A. Murphy, and Byron H. Murphy, Jr., will receive a life estate in and to the respective tracts of land devised to each of them by the will of B. H. Murphy and Annie E. Murphy with a remainder in fee to their natural children as to an undivided one-half of such tract devised to each of them out of the estate of B. H. Murphy and a remainder in fee in both their natural and their adopted children as to the undivided one-half of said tracts as devised to them out of the estate of Annie E. Murphy. As to the North one-half of Section 1006, Block 43, H. & T. C. Ry. Co. in Ochiltree County, Texas, as originally devised by the joint will to Myrtle M. Slaton, now deceased, the above named seven children will each receive a life estate in and to an undivided ⅐ of an undivided ½ of the North ½ of said section with a vested remainder in their natural children. John O. Slaton as the surviving child of Myrtle M. Slaton is vested with fee simple title in and to an undivided ½ of the North ½ of said Section 1006. The seven named children of B. H. Murphy and Annie E. Murphy and the said John O. Slaton shall each receive fee simple title in and to an undivided one-eighth of Section 931, Block 43, Grantee H. & T. C. Ry. Co., the separate property of Annie E. Murphy, deceased. The parties devised specific bequests by the first codicil of Annie E. Murphy's will shall receive the specific property devised to each of them in the said codicil with John O. Slaton being vested with title to the property devised to his deceased mother. The balance of all property not specifically devised by the will or codicil shall pass under the residuary clause in the codicil to such original will and under the rules of law above cited—the seven children of Annie E. Murphy and the said John O. Slaton to receive the same, share and share

alike. The executrixes last appointed shall serve as executrixes of the estate of Annie E. Murphy.

The judgment of the trial court is reversed and judgment is rendered as hereinabove specified. Any property not specifically vested hereunder shall vest under the rules as outlined above.