No. 18,894.

IN RE ESTATE OF WILLIS I. LEHMER, DECEASED, PAUL
BOYER AND FREDERICK BOYER, CAVEATORS *v.*
HARRY B. LEHMER, PROPONENT.
(357 P. [2d] 89)

Decided November 21, 1960.   Rehearing denied December 12, 1960.

Messrs. PHELPS, FONDA & HAYS, for plaintiffs in error.

Mr. ROY A. PAYTON, Mr. EDWIN W. ROOKER, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE SUTTON.

PRIOR to his death on May 19, 1957, Willis I. Lehmer executed two documents, each purporting to be his last will and testament. The first was executed on March 28, 1957, and was typewritten. The second was handwritten, undated, and is alleged to have been executed on May 8, 1957. Both documents were in the possession of Richard H. McIlroy, M.D., at the date of Lehmer's death. Dr. McIlroy filed both in the County Court of Pueblo County, Colorado, on May 27, 1957. Different proponents having offered the separate wills for probate, the county court held hearings as to both instruments, and on November 19, 1957, entered an order admitting the typewritten will to probate and rejecting the handwritten one.

Appeal was taken to the district court where upon trial *de novo* the jury found that both wills had been executed in accordance with the statutes of this state.

Plaintiffs in error urge three grounds for reversal:

1. The district court did not obtain jurisdiction of the handwritten will.

2. The defendant in error waived the right to proceed further with the handwritten will, and

3. Certain of the plaintiffs in error, beneficiaries under the typewritten will, had not received notification that the handwritten will was being offered for probate and thus were unable to contest it and establish the typewritten one.

All of these arguments are premised upon the supposition that there is an inconsistency between the two documents, a theory with which we do not agree so in our view the questions urged are moot.

The typewritten will provided specific bequests and devises to plaintiffs in error, as well as to defendant in error, which read:

"SECOND: I give, devise, and bequeath unto Harry

Lehmer, all of my partial interest in the farm near Oklahoma City, Oklahoma County, Oklahoma.

"THIRD: I give, devise and bequeath unto Mrs. Barbara Boyer Rumsey, Philadelphia, Pa., the sum of One Thousand Dollars ($1000.00).

"FOURTH: I give, devise and bequeath unto Paul Boyer, 1040 Carteret, Pueblo, Colo., the sum of One Thousand Dollars ($1000.00).

"FIFTH: I give, devise and bequeath unto Frederick Boyer, 1040 Carteret, Pueblo, Colo., the sum of One Thousand Dollars ($1000.00).

"SIXTH: I give, devise and bequeath unto John Boyer, 1040 Carteret, Pueblo, Colo., the sum of One Thousand Dollars ($1000.00).

"SEVENTH: I give, devise and bequeath unto Mrs. Florence Boyer, 1040 Carteret, Pueblo, Colo., my automobile.

"EIGHTH: All the rest, residue and remainder of my property, real or personal, wherever situated and whether acquired before or after the execution of this will I give, devise and bequeath unto my brother, Harry Lehmer, as his own absolutely."

The handwritten will contains no language revoking the former will and merely states that "After funeral expenses all my belongings belong to Harry B. Lehmer * * *." the defendant in error who is the residuary legatee in the first will.

Webster's New International Dictionary, 2nd Ed., 1955, defines "belongings" as "goods or effects." We hold that by the use of the word "belongings" in the second will the deceased did not cancel or void the specific bequests of cash or the express bequest of his automobile to these plaintiffs in error unless by his second will he effectively revoked his first will. We thus must determine the question of revocation *vel non*.

The fundamental rule of construction as to testamentary documents is that where a later instrument does not revoke a former testamentary instrument they

are to be construed as one, *Bradshaw v. Bangley* (1953), 194 Va. 794, 75 S.E. (2d) 609. While in certain cases it is possible to construe a second testamentary instrument as revoking a former, or as revoking certain bequests or devises thereof, the second instrument may not effectuate the revocation of the former except by express language, or by necessary implication arising from express provisions of the later instrument. See, for example, *Laborde v. First State Bank & Trust Co.* (1937 Tex. Civ. App.), 101 S.W. (2d) 389, in which the court, in construing a codicil provision, "All being for my wife first, afterwards for my children," stated:

"Certainly, revocation cannot be implied from vague, doubtful, or ambiguous language * * * less clear and specific than that used in the instrument sought to be revoked. (Citing authority.)

"It is true, as contended by appellants, and asserted in the authorities cited, that a will may be revoked wholly or in part, by implication from express provisions of a later testament, such as a codicil, by making a different and contrary disposition of identical properties. But such revocation and substitution may be effectuated only by clear and unambiguous language, where, as in this case, the devise of the estate in fee was plain, unambiguous, and absolute. Certainly, under the authorities cited, the intention to revoke, to be effective, must be expressed as clearly and emphatically as the prior devise in fee. * * *. We hold that the language of the codicil is too vague and indefinite to effectuate a revocation, by implication, of the plain and absolute devise in fee made in the will * * *."

*Whitney v. Hanington* (1906), 36 Colo. 407, 414, held that two separate instruments each purporting to be the last will and testament of a deceased "may be admitted to probate as forming together one last will and testament." Of course, this is where the two complement each other at least in part, revocation occurring only as to those parts which are inconsistent.

The above rules, applicable to wills as well as codicils, are controlling in the instant case. Since both instruments must be construed together as one will, the district court should have ordered the admission of both wills to probate.

The judgment is accordingly reversed with directions to admit both wills to probate and to construe them together as one instrument.

MR. JUSTICE MOORE and MR. JUSTICE DOYLE concur.