**SHAWVER et al. v. PARKS et al.**

No. 2863.

Court of Civil Appeals of Texas.
Eastland.

April 13, 1951.

Rehearing Denied May 4, 1951.

Wheat & Newton, Seymour, for appellants.

Thomas F. Glover, Seymour, for appellees.

LONG, Justice.

On March 27, 1929, J. A. T. Parks and Mary Ella Parks executed a joint and mutual will under the terms of which all of the property owned by them was bequeathed to the survivor for life with remainder to their children. J. A. T. Parks died on October 23, 1933. After his death the will was offered for probate by his widow, Mary Ella Parks, in the County Court of Baylor County and was duly admitted to probate and record. Mary Ella Parks took the oath as independent executrix under said will, filed an inventory and appraisement of said estate and took possession of the property thereunder. Thereafter, on June 15, 1946, Mary Ella Parks made and executed her last will and testament specifically revoking the joint will made March 27, 1929. Mrs. Parks under said last will bequeathed to her daughter, Winnie Shawver, a life estate in one-half of the homestead with remainder to the children of Winnie Shawver, but required Mrs. Shawver to execute a deed conveying the property bequeathed to her under the joint will to the other heirs. In Mrs. Parks' will, dated June 15, 1946, B. S. Holland and Mattie E. Parks were appointed independent executors. After the death of Mrs. Parks her executors named in said last will filed in the probate court of Baylor County an application to probate the will dated June 15, 1946. Jimmy Parks and Hattie Owen, beneficiaries under the joint will, filed opposition to the probate of said will and proposed in lieu thereof to probate the joint will of Mary E. Parks and husband made in 1929. Winnie Shawver intervened in support of the 1946 will and attached to her petition of intervention a deed conveying to the other heirs her interest acquired in the homestead by virtue of the terms of her father's will. The probate court of Baylor County admitted the 1946 will of Mrs. Parks to probate and denied probate of the joint will of 1929. Upon an appeal to the District Court, probate of the 1946 will of Mary Ella Parks was denied and the will executed in 1929 was probated. From this judgment the proponents of the 1946 will and intervenor, Winnie Shawver, have appealed.

The District Court found that the will executed by J. A. T. Parks and Mary Ella Parks dated March 27, 1929, was a joint and mutual will and a reciprocal and mutual agreement between the parties for the disposition of the community property owned by them and that the mutual and reciprocal bequest from each of the said parties to the other contained therein was a sufficient consideration for the execution of said will; that by probating such joint and mutual will as the last will of her deceased husband, Mary Ella Parks accepted, adopted and ratified the same and elected to take under said will and was bound thereby and was without power or authority to revoke said will or to change or alter the terms thereof in any manner.

It is the contention of appellants that the 1946 will revoked the joint will dated in 1929 and that, therefore, the 1929 will should not have been admitted to probate. It is the contention of appellees that the joint and mutual will of Mr. and Mrs. Parks being contractural in its nature could not be revoked by Mrs. Parks after the death of Mr. Parks and after she had caused the same to be probated and took possession of the property and enjoyed its use under its terms. The question for our determination is, which of the wills of Mrs. Parks should have been admitted to probate. We are not called upon in this case to pass upon the rights, if any, acquired by the children of Mr. and Mrs. Parks under the terms of the joint will executed in 1929. This is a matter that must be determined by the District Court when its equitable powers have been properly invoked. It cannot be determined in a probate proceeding. The law is well settled that a will which has been revoked cannot be admitted to probate. Article 3344, Vernon's Annotated Civil Statutes; Clover v. Clover, Tex.Civ.App., 224 S.W. 916; Brackenridge v. Roberts, 114 Tex. 418, 270 S.W. 1001.

It is unquestioned that Mrs. Parks attempted by her will of 1946 to revoke her will executed in 1929. If she had the power to revoke the 1929 will, then the trial court erred in admitting said will to probate and in refusing to admit the will

of 1946. We find many expressions by our courts to the effect that a joint and mutual will cannot be revoked after the death of one of the parties. This is not technically correct. It is the contractual portion of the will and not the will itself which is irrevocable. We find the following pertinent expression in 69 C.J. at page 1299: "Moreover, while it is sometimes said that a will executed in pursuance of an agreement for mutual wills is irrevocable, especially after the death of one of the parties to the agreement, the true rule is that a mutual will, like every other will, is, as a testamentary instrument, in its essence and by its very nature, ambulatory and revocable throughout the lifetime of the testator, and that it cannot be made irrevocable, even by the most express covenant or terms, although, as a compact, it may be irrevocable, or enforceable notwithstanding its revocation as a will."

As has been stated, Mrs. Parks in her will of 1946, specifically revoked the will of 1929 and bequeathed her property in a way that was inconsistent with the first will. If it should be held that the will of Mr. and Mrs. Parks executed in 1929 was contractural in its nature, then perhaps under the facts and circumstances in this case Mrs. Parks would be estopped from revoking the contractural portion of the will but she could not be and was not estopped from revoking the testamentary portion thereof. The correct rule of law governing this question is laid down in 69 C.J., page 1300, Section 2720: "A mutual will, like any other, is revoked by the execution of a subsequent will inconsistent therewith. So, where a party to a contract or agreement for mutual wills makes a later will, even without notice to, or the knowledge of, the other party, or after the latter's death, the mutual will cannot be admitted to probate, since it is not the testator's last will, and the later will may be admitted, without regard to the fact that it does not comply with the agreement, but it is subject to the rights of interested persons to compel a distribution of the estate under the contract on which the mutual will was founded, their remedy being, however, in equity, and not in the probate court, which has no choice but to distribute the estate under the last will."

In the recent case of Cate v. Cate, 235 S.W.2d 456, 458, Writ Ref., the Dallas Court of Civil Appeals, in an opinion by Judge Cramer, when discussing the question of whether or not a joint and mutual will could be revoked, said: "Under the record the questions raised by appellants' points appear to us to have been foreclosed against them in the case of Wyche v. Clapp, 43 Tex. 543, wherein on page 548, after holding that a joint will may be admitted to probate on the death of either of the parties as his or her will, if otherwise unobjectionable, it is stated: 'But from the very nature of such an instrument it cannot operate or have effect as the joint or mutual will of the parties while one of them survives; for if it is a will it is subject to revocation. It is, indeed, well established that agreements to make mutual wills are valid. But the effect of such agreements is not to render wills made in pursuance of them irrevocable, though they may be enforced in equity against the estate of the defaulting party after his decease on the ground of an attaching equitable trust.' Such holding was expressly approved and reaffirmed in Gorman v. Gause, Tex.Com. App., 56 S.W.2d 855, 859 (Syl. 3), opinion by Judge Leddy who stated: 'The joint and mutual will of John P. Gause and wife cannot be given effect as the joint and mutual will of the parties while one of the parties survives, as it is subject to be revoked by the survivor. Wyche v. Clapp, 43 Tex. 543.'"

We have concluded the trial court erred in refusing to admit to probate the last will and testament of Mrs. Parks dated June, 1946, and also erred in admitting to probate her will executed in 1929. We pretermit discussion of the rights of the parties under the joint and mutual will of Mr. and Mrs. Parks because this question is not before us in this case.

The judgment of the trial court is reversed and the cause remanded.