GALEN E. MURPHY, INDEPENDENT EXECUTOR ET AL V. JOHN O. SLATON, ET AL

No. A-4611. Decided December 8, 1954
Rehearing overruled January 5, 1955.
(273 S.W. 2d Series 588)

36

*Correll & Brownlee,* of Perryton, *Hoover, Hoover & Cussen,* and *E. J. Cussen,* of Canadian, for petitioners.

The Court of Civil Appeals erred in holding that after Annie E. Murphy had probated the joint will of herself and her husband, qualified as independent executrix thereunder and accepted the benefits of said will, she was not estopped to thereafter, by codicil, make a different disposition of the property passing under said joint will from that made in said will, by providing that adopted grandchildren should be entitled to share equally with the natural born grandchildren, when such was not the import of the original will. Nye v. Bradford, 144 Texas 618, 193 S.W. 2d 165; Larabee v. Porter, 166 S.W. 395, error refused; Harle v. Harle, 109 Texas 214, 204 S.W. 317.

*Brummett, Brummett & Salyars* and *A. W. Salyars,* all of Lubbock, for respondents.

The Court of Civil Appeals committed no error in holding that the adopted children of the Murphy children should share equally in her estate, as it was not her intention either in the original will or her codicil to bar them from so doing. Laborde v. First State Bank and Trust Co. of Rio Grande City, 101 S.W. 2d 389; Campbell v. Barrera, 32 S.W. 724; Boyd v. Frost Natl. Bank, 145 Texas 206, 196 S.W. 2d 497.

*Boyer & Herndon* and *Max W. Boyer,* of Perryton, for Independent Executor, Galen E. Murphy, Individually.

Mrs. Annie E. Murphy had the right by her codicil to the joint will to dispose of the property acquired separately by her after the death of her husband B. H. Murphy, and the Court of Civil Appeals correctly so held. Chadwick v. Bristow, 146 Texas 481, 204 S.W. 2d 65; Wyche v. Clapp, 43 Texas 543; Graser v. Graser, 147 Texas 404, 215 S.W. 2d 867.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

On June 16, 1928, B. H. Murphy and wife, Annie E. Murphy were husband and wife, and had a family consisting of eight sons and daughters. They owned five sections of land in Ochiltree County, Texas, together with some town lots in the town of Perryton, Texas, and also owned personal property. All of the property was community property except Section 931, Block 43, H. & T. C. Ry. Co., which B. H. Murphy had deeded to his wife, Annie, on April 14, 1928 by a warranty deed reciting a consideration of $1.00 and love and affection. On June 16, 1928, Annie E. Murphy at Perryton, Texas, signed an instrument purporting to be the last will and testament of herself and husband, B. H. Murphy. His signature was signed to such instrument at Kansas City, Mo., where he was undergoing treatment by a physician. The will was properly signed and witnessed. On July 14, 1928, B. H. Murphy died without ever having revoked his will, and thereafter Annie E. Murphy probated the will as the last will and testament of B. H. Murphy; took charge of all of the estate and continued to use and enjoy the same until her death in 1951, and without having married again. The inventory and appraisement filed by her showed all of the property as community property of B. H. Murphy, and showed no separate property belonging to him. It did not include Section 931 as an asset of his estate.

The pertinent parts of this will are as follows: The preamble was in language commonly used for wills; named the parties, and declared they were publishing "this our last will and testament" and "revoked all former wills." It did not denominate the will as either "joint," "mutual," or use either of such words.

Paragraph I read as follows:

"It is our will and desire that the survivor of us, B. H. Murphy or Annie E. Murphy, as the case may be, shall, with the rights and authority below given, have all the estate of every description, real, personal or mixed, which either or both of us may own at our death, to be used, enjoyed, occupied and con-

veyed by such survivor for and during his or her life time, as the case may be, and that upon the death of such survivor any of such estate then remaining shall be divided among the persons following and in the following manner, and subject to all the conditions and limitations hereinafter to be named, to-wit: * * *"

Then follow eight separate paragraphs bequeathing a half section of land for life to each of the eight children. The wording of each paragraph is identical except as to the description of the property and the name of the beneficiary. We will set out only one of those paragraphs—the bequest to Myrtle M. Slaton, adoptive mother of respondent, John O. Slaton:

"(d) To our daughter Myrtle M. Slaton North One-half (N½) of Section No. 1006 in Block No. 43, H. & T. C. Ry. Company in Ochiltree County, Texas, for and during her natural life time, and at her death if she shall leave her surviving any child or children, or the descendants of any child or children, then to such child or children or their descendants, share and share alike; but if shall die leaving her surviving no child or children or the descendant of any child or children, then to the other legatees herein named that shall survive her."

Paragraps 2, 3 and 4 read:

"2. It is our will and desire, and we so direct, that if any of our children hereinabove named shall die and their interest shall pass hereunder to any of our surviving children and legatees under the terms of this will, that the interest so passing, shall be governed by the specific provisions of the original devise herein made to each of them, and that upon the death of any one of them who shall have taken the interest of any deceased brother or sister who has died before them, and they shall thereafter die without leaving surviving them any child or children or their descendants, then such interest, together with the original devise to them, shall pass and descend to the ones surviving them.

"3. We will and direct that our executor or executrix, as the case may be, hereinafter to be named, shall first sell all or so much of the property of our estate that is not specifically bequeathed by the terms hereof, and pay off and discharge all indebtedness that there may be against the lands above named and bequeathed herein.

"4. That after the disposal of such estate, mentioned in paragraph "4" (3) hereof, and the payment of the debts therein

named and directed to be paid, that any balance remaining shall pass to the legatees hereinabove named share and share alike."

Paragraph 6 appoints the survivor of the two "independent executor or executrix of this our joint will" and directs that such a one shall serve without bond and free from the control of the Probate Court, except to probate and record the will and file an inventory and appraisement and list of claims of said estate.

Paragraph 7 provides that upon the death of the survivor, Annie May Taylor (a daughter) and Galen E. Murphy (a son), or the survivor of the two, shall be appointed independent executor or executrix, without bond and free from control of the Probate Court, except to probate and record the will, etc., etc.

On April 5, 1948, Annie E. Murphy made, declared and published "this as a codicil to the joint and mutual will of myself and deceased husband, B. H. Murphy, duly probated in the County Court of Ochiltree County, Texas, as the will of said deceased husband, B. H. Murphy, and to which said joint will and the probate thereof reference is here made, and by such reference to said probated will it is my desire and intention to republish, and reaffirm said joint and mutual will, and hereby and herein expressly ratify and reaffirm said joint and mutual will and every provision thereof, this is to be treated and considered a codicil to said joint and mutual will disposing of the property not specifically mentioned in said joint and mutual will, and such property as has been acquired since its execution, hereby revoking all codicils by me at any time heretofore made, if any, and expressly revoking a codicil dated June 12, 1937, witnessed by Sibly Jines and Oscar C. Flowers, and like codicil dated October 28, 1943, witnessed by Virginia Correll and R. T. Correll, as well all others not specifically here mentioned." Then follow eight separate paragraphs devising certain real property described in each paragraph to one of the eight children. Paragraph 9 leaves the residue of "my property and estate, after the payment of the legacies herein provided for" to the eight children, share and share alike, under the terms of and in accordance with the "joint and mutual will of myself, Annie E. Murphy and deceased husband, B. H. Murphy," and again refrering to the probate and record of said will as the last will of B. H. Murphy, deceased.

Paragraph 10 reads: "I here again re-publish, ratify and

adopt the joint and mutual will of myself and deceased husband, B. H. Murphy, now on file and of record in the office of the County Clerk of this, Ochiltree County, Texas, to which I now refer and make part hereof for all purposes."

Paragraph II appoints her two daughters, Fairy Olmstead and Margaret L. Hearn independent executrices of "this codicil," without bond and free from the control of the Probate Court, etc., etc. On August 5, 1950, Annie E. Murphy duly executed, in the presence of four attesting witnesses, another codicil which states: "I desire that the adopted children of my daughters and sons share the same, in the estate, as if they were born to them." This codicil was duly signed and witnessed.

After the death of Annie E. Murphy the joint will of June, 1928 was probated and Annie Mae Miswander (formerly Taylor) and Galen E. Murphy, who were named as independent executors of such will upon the death of the survivor, qualified as such executors. Also probated were the two codicils above described and the executrices therein named qualified. No contest was offered to such probate, nor has any appeal been taken therefrom.

In 1933, daughter, Fairy Olmstead, adopted a son, Earl Murphy Olmstead, and in 1943 the daughter, Myrtle Slaton, adopted a son, John O. Slaton. It is stipulated that each of such adopted children was legally adopted and no question is raised on that point. Mrs. Slaton died on October 12, 1950 leaving a will whereby she willed all her property to her husband, Wilbur Slaton, who at the time of the trial, had assigned all his rights to John O. Slaton.

After the probate of the will and the two codicils, the petitioners herein filed a suit against the other Murphy children and Wilbur Slaton and John O. Slaton in the nature of an action for a declaratory judgment construing the joint will of 1928, and the two codicils executed by Annie E. Murphy, and asking that the right of all parties under the will be determined. A guardian ad litem was appointed for John O. Slaton, a minor. All parties waived a jury and the case was tried before the court. The court entered a judgment which held the will of June, 1928 to be a joint and mutual will, which was contractual as well as testamentary; that the codicil executed by Annie E. Murphy on April, 1948 was repugnant and militant within itself and in derogation of the rights of the beneficiaries under the 1928 will. Therefore, it held the codicil of no force and effect,

and the appointment of the two executors was ineffective. It further held that as to Annie E. Murphy's interest in the community property of B. H. Murphy and herself, the codicil of 1950 was controlling and that John O. Slaton, adopted child of Myrtle Slaton, inherited from his mother an undivided one-half interest in the half section of land devised to her in the will of June 1928, but gave John O. Slaton no recovery in B. H. Murphy's one-half interest in the community property owned at the time of B. H. Murphy's death. It was held that John O. Slaton took an undivided one-eighth interest in all property passing under the residuary clause of the 1928 will, which included Section 931, the separate property of Annie E. Murphy. Other holdings regarding the estate were made, but no complaints are brought forward to this Court.

On appeal the Court of Civil Appeals reversed the judgment of the trial court and rendered judgment that the will of 1928 and the codicils of 1948 and 1950, all having been probated without any contest, and the judgment of probate having become final, each and all were valid and binding, and must be reconciled one with another. It held that the specific disposition of property made by Annie E. Murphy in her codicil of 1948 covered only property passing under the residuary clause of the 1928 will, and therefore the codicil would govern the disposition of the property included in the residuary clause of the 1928 will. The devisees and legatees were divided into two classes: (a) those taking from B. H. Murphy and (b) those taking from Annie E. Murphy. It was further held that since John O. Slaton was adopted after the death of B. H. Murphy and prior to the death of Myrtle M. Slaton and Annie E. Murphy, he would take as a natural child of his deceased mother, Myrtle, as to the estate of Annie E. Murphy, but not as to the estate of B. H. Murphy. The other adopted children of any of the Murphy children were held to take in the same manner upon the death of their respective ancestor. The beneficiaries named in the codicil were decreed to take as provided in such codicil. Section 931, the separate property of Annie E. Murphy, was decreed to the seven surviving children of B. H. and Annie E. Murphy and John O. Slaton, as heir of Myrtle M. Slaton, each to receive an undivided one-eighth portion. 273 S.W. 2d. 893.

■ The first question to be decided is: Was the will of 1928 a joint and mutual will, contractual as well as testamentary, or merely a joint will? A reading of the will as a whole shows that it was executed by the parties to carry out a planned disposition of all of the "estate of every description, real, personal,

or mixed, which either or both of us may own at our death." The will made common disposition of each described half section of land to a common named beneficiary. Paragraph 2 sets forth a common disposition of any property devised to a child which dies "without leaving surviving them any child or children or their descendants." Paragraph 3 gives to the survivor the power to sell such of the "property of our estate" as not specifically bequeathed in order to discharge indebtedness against any land specifically bequeathed. Paragraph 7 makes a common provision for the appointment of an executor and executrix, or the survivor of these two, upon the death of the survivor of the will. In short, the will, as a whole, sets forth a comprehensive plan for disposing of the whole estate of either or both. As this Court said in Nye v. Bradford, 144 Texas 618, 193 S.W. 2d 165, 169 A.L.R. 1, "A will like that could not have been made without agreement between the testators that it should be so made. Its very terms are evidence that an agreement was made, and they are entirely consistent with the testimony of the witness as to what the agreement was." 144 Texas 624, 193 S.W. 2d 168, 2nd col.

We hold that the will is contractual. This being a mutual will which is contractual in nature, and Annie E. Murphy, having probated the will and having accepted the benefits thereunder, she was estopped to change any of its provisions. She was bound by the provisions of the will of 1928 as to the disposition of all property owned by her and B. H. Murphy, either jointly, as community, or by either or both in their own separate right. The plain provision of Paragraph I of the will so provides. Harrell v. Hickman, 147 Texas 396, 215 S.W. 2d 876 (1); Chadwick v. Bristow, 146 Texas 481, 208 S.W. 2d 888 (2); Nye v. Bradford, supra; Larrabee v. Porter, Texas Civ. App., 166 S.W. 395, error refused; Moore v. Moore, Texas Civ. App., 198 S.W. 659, error refused; Sherman v. Goodson's Heirs, Texas Civ App., 219 S.W. 839, error refused; Dickerson v. Yarbrough, Texas Civ. App., 212 S.W. 2d 975, no writ history; Wagnon v. Wagnon, Texas Civ. App., 16 S.W. 2d 366, error refused, 44 Texas Jur. 665, *Wills*, Sec. 122; 44 Texas Jur. 669; *Id.*, Sec. 125; 169 A.L.R. 48, *Revocation of Will After Accepting Benefits;* 33 Am. Jur. 736, Secs. 254, 255.

Annie E. Murphy technically could have revoked her will, but the beneficiaries under the joint will, as probated at the death of B. H. Murphy, would have had a cause of action to come into court with an equitable proceeding and receive their rights under such probated joint will. Any change in such will,

which was repugnant thereto, and made by Annie E. Murphy, could not have affected the rights of the beneficiaries thereunder. Shawver v. Parks, Texas Civ. App., 239 S.W. 2d 188 (6), error refused; Sherman v. Goodson's Heirs, supra, (1, 2). The facts herein are that Annie E. Murphy in her codicil of April 1948 expressly recognized and confirmed the joint and mutual will of herself and husband, B. H. Murphy, and disclaimed any intention to revoke or change such will.

■ The next question to be decided is to what property did this joint and mutual will attach. Did the will attach to all property acquired by Annie E. Murphy between the death of her husband in 1928 and her death in 1951; or did it attach only to all property owned by B. H. Murphy and Annie E. Murphy, whether owned as community or separate property by either or both at the time B. H. Murphy died in 1928? We have concluded that the 1928 will attached only to that property owned by B. H. Murphy and Annie E. Murphy, either or both, by whatever right or title it was owned at the time of B. H. Murphy's death.

The will in Paragraph I used language which is directed to the estate on hand at the death of the first one to die. It says "It is our will and desire that the survivor of us * * * shall * * * have all the estate of every description, real, personal or mixed, which either or both of us may own at the time of our death * * *." Clearly this language could only be with reference to the estate owned at the time of the death of the first one to die. It is only at this time that there will be a "survivor of us" who can take "all the estate" and who can "use, enjoy, occupy or convey" during his or her lifetime. To construe the estate disposed of by the will to be all the property owned by the survivor at his or her death would be to make an impossible and intolerable situation. The survivor could not enjoy his own estate after such survivor had died. The only possible estate "of ours" that can or could be enjoyed by "our survivor" must of necessity be that in existence at the time of the death of B. H. Murphy, who died first.

We have been cited to no case which we consider directly in point, and we have been unable to find one. The case nearest in point which we have been able to find is the case of Kirtley v. Spencer, Texas Civ. App., 222 S.W. 328, error refused. Dr. Moses Hubbard and wife, Mary, owned as community property all of the lands in controversy and in 1897 executed a joint and mutual will devising to certain named trustees their property to constitute a perpetual trust, the income from which should

be used for the support of the survivor and also to maintain and support a school for education of worthy children. Dr. Hubbard died in 1906, and the will was duly probated and the trustees took charge of the property and proceeded to administer the trust. In 1913 Mary Hubbard attempted to deed her one-half of the property owned at the time of Dr. Hubbard's death to Texas Christian University. The trustees immediately filed suit to set aside the deed and recover title and possession of one-half of the properties. Texas Christian University filed a disclaimer, as did Mrs. Hubbard. A judgment was rendered in favor of the trustees, and that judgment became final.

In 1914 Mary Hubbard made a will disposing of certain specific property to certain named devisees, with a residuary clause in favor of Cora D. Spencer. Dr. and Mrs. Hubbard left no child or descendant of any child, or any adopted child upon their respective deaths. After Mary Hubbard's death and the probate of her 1914 will, Kirtley, et al and Mrs. Spencer were heirs at law of Mrs. Hubbard, and would be entitled to recover the property but for the 1897 will. Kirtley, et al sued the trustees and Mrs. Spencer seeking to set aside the 1913 judgment and the 1897 will and recover under the states of descent and distribution. Judgment was against them in the trial court which was affirmed by the Court of Civil Appeals. No recovery was allowed as against Mrs. Spencer, the residuary beneficiary under the 1914 will of Mrs. Mary Hubbard. The only discussion of Mrs. Hubbard's 1914 will by the Court of Civil Appeals is as follows:

"Before her death Mrs. Hubbard made a will, disposing of certain specific property to certain named devisees, having a residuary clause giving all of the remainder of the property, after satisfying the special bequests, to Cora D. Spencer, her niece. The property disposed of by that will specifically appears to be different property to that disposed of by the joint will of herself and husband, and the evidence indicates that it was property accumulated by her after her husband's death."

The trial and appellate courts could not have rendered the judgment they did without recognizing the right of Mrs. Mary Hubbard to dispose of her individually after-acquired property free from the trust created by the 1897 will. The language of the 1897 will was as strong, if not stronger, than the language used by the Murphys in their 1928 will involved herein. The Hubbards stated: "It is our desire and each of us, that as each of us dies all the property then owned by us shall descend and vest in the following named persons * * * who shall take and

hold all of the property, real, personal and mixed, owned by us, at the death of either of us, for the purposes * * *." In spite of this strong language both courts gave effect to Mrs. Hubbard's will of 1914, disposing of after-acquired property.

While the question is not free from difficulty, and we recognize that the makers of a joint and mutual will, or of mutual wills, have the right and power to provide that all of the property owned by the survivor at his death shall pass under and be bound by the terms of their will, we do not believe such effect should be given to mutual wills unless the intention to do so is set forth in the will by very plain, specific and unambibuous language. In the absence of such clearly expressed intention we feel that the better reasoning supports the rule that after-acquired property owned by the survivor in his or her individual right does not pass. We find no language in the 1928 will evidencing an intention to dispose of the estate owned by the survivor at death, and we therefore hold that only the property owned by B. H. Murphy and Annie E. Murphy—either or both, at the time of the death of B. H. Murphy—was within the terms of the 1928 will. As to all property acquired by Annie E. Murphy in her individual right after B. H. Murphy's death, she had the full right of ownership and power to dispose of the same by will or otherwise as she saw fit.

■ Annie E. Murphy held a life estate in all of the property, with power to sell that portion of the property not specifically bequeathed to named beneficiaries, and she was estopped to change the distribution of the property as set forth in the will of 1928. Harrell v. Hickman, supra; Nye v. Bradford, supra; Larrabee v. Porter, supra; Moore v. Moore, supra; Sherman v. Goodson's Heirs, supra; 69 C.J. 1299, *Wills*, Sec. 2719. Annie E. Murphy as the holder of a life estate in all of the property owned by her and B. H. Murphy, either or both, and by whatever claim or title, was entitled to everything in the nature of income, rents, revenues and benefits accruing during her life, subject to the charge for improvements, repairs and taxes during the life term. Richardson v. McCloskey, Texas Civ. App., 1924, 261 S.W. 801, 816 (22, 23); reversed on another point, but affirmed on this point, Texas Com. App., 276 S.W. 680, 685 (8); Wagnon v. Wagnon, supra (8, 10); 28 Texas Jur. 58, et seq., Secs. 7 and 8; 57 Am. Jur. 488, Sec. 718; *Id.*, 502, Sec. 735. She was holding that property as life tenant with remainder for the beneficiaries named in the will as those to receive the corpus of the estate remaining on hand at her death. The probate of the 1928 will fixed these rights as of date of B. H. Murphy's

death. March v. Huyter, 50 Texas, 243, 253; Long v. Shelton, Texas Civ. App., 155 S.W. 945, (14, 15), error refused; Buchanan v. Davis, Texas Civ. App., 43 S.W. 2d 279, affirmed, Texas Com. App., 60 S.W. 2d 192; Art. 3314, Vernon's Annotated Civil Statutes.

Under the language of the will she took a life estate with the right to sell and convey in all of the property *"to be used, enjoyed, occupied, and conveyed by such survivor* for and during his or her lifetime * * * and that upon the death of such survivor *any of such estate then remaining* shall be divided among the persons following * * *."* (Emphasis added).

"Under the rule laid down in many cases, a life tenant is entitled to the full possession, control, and management of property during his natural life, with power to dispose of the whole of it or of so much of the principal as his necessities may require or his judgment dictate, where a will gives a life estate for the use and benefit of the life tenant, by its express terms, with a power of sale or disposition and an express remainder over of 'whatever may remain' or 'be left', 'so much as may remain unexpended' or 'undisposed of', 'what may not be consumed', or some equivalent phrase. The sole restrictions are that the power shall be exercised by the life tenant during his lifetime for his own use, thus excluding any testamentary disposition thereof, and that it shall be exercised in good faith and not for the purpose of defrauding the remaindermen." 33 Am. Jur. 736, *Life Estates, Remainders, etc.,* Sec. 253.

The right to "convey" as given by the 1928 will would be meaningless without the right to sell the property. The right to "use, enjoy, or occupy" as stated in the 1928 will is the right to consume the whole of the personal estate, not specifically devised, if necessary for the support, maintenance and benefit of the survivor. Annie E. Murphy, having the right under the 1928 will to use, enjoy and occupy the life estate, her individual estate would not be liable for any personal property consumed by her, or that had become obsolete through use, or changed conditions, or for livestock that had died in the interim.

The inventory and appraisement filed in the B. H. Murphy estate when compared with the inventory and appraisement filed in the Annie E. Murphy estate shows that the four sections of land specifically devised by the 1928 will, together with Section 931, the separate property of Annie E. Murphy, had not been disposed of during the life term therein by Annie E. Murphy.

As to personal property and other real property belonging to the parties at the death of B. H. Murphy, we cannot tell from the record whether or not it had been consumed or disposed of by Annie E. Murphy during her lifetime. Apparently there had been no change in the real property except that the evidence seems to indicate that the property shown in the inventory and appraisement of the Annie E. Murphy estate, as located in the Murphy Addition to the town of Perryton, Texas, may be a part of the B. H. Murphy estate property. Also other real estate had been acquired during the life of Annie E. Murphy.

All of the personal and real property on hand at the time of B. H. Murphy's death, and remaining on hand at the time of Annie E. Murphy's death, will pass only under the 1928 will. If it can be shown by evidence that Annie E. Murphy had consumed all of the personal estate she received at B. H. Murphy's death, then all of the personal property on hand at her death would be her individual property and pass under the 1948 and 1950 codicils. If proceeds of sales of the B. H. Murphy estate real property can be traced as on hand at her death, such proceeds will pass only under the 1928 will. Edds v. Mitchell, 1945, 143 Texas 307, 184 S.W. 2d 823 (4), 158 A.L.R. 470.

■ In the event the personal property on hand at the time of B. H. Murphy's death was so commingled with the income, profits, rents, revenues and benefits received by Annie E. Murphy during her lifetime that it is impossible to trace the B. H. Murphy estate personal property, the presumption will be indulged, in the absence of evidence to the contrary, that Annie E. Murphy at all times had personal property of the value of that owned by the B. H. Murphy estate and this amount will pass under the 1928 will. The excess of the personal property, except the Series E. Government Bonds will be presumed to be the individual property of Annie E. Murphy and pass under the 1928 and 1950 codicils. Wagnon v. Wagnon, supra. The Series E. Government Bonds will pass under the 1948 and 1950 codicils. subject to the provisions of law as set forth in Edds v. Mitchell, supra.

■ At B. H. Murphy's death all of the Murphy children were living. Therefore, subject to their mother's life estate, they each took a vested remainder in all of such estate. Caples v. Ward, 107 Texas 341, 346, 179 S.W. 856; Chadwick v. Bristow, supra. There were no adopted children in the Murphy family at such time. In 1928 the wording of the will describing "child or

children or descendants of any child or children" did not include adopted children. Harle v. Harle, 1918, 109 Texas 214, 204 S.W. 317, 15 A.L.R. 1261; Hoch v. Hoch, 1943, 140 Texas 475, 168 S.W. 2d 638; Cochran v. Cochran, 1906, 43 Texas Civ. App. 259, 95 S.W. 731, no writ history; Thompson on Wills, p. 429, Sec. 275; Annotations 38 A.L.R. 8, *Adopted Child-Inheritance*. The rights of all parties to all of the property belonging to either B. H. or Annie E. Murphy, either or both, became fixed as of B. H. Murphy's death. Therefore, adopted children of any of the Murphy "child or children or descendants of any child or children," not being included in these descriptive words, would take no part of such estate. Adopted children were not included within the terms of the "lapsed legacy" statute (Art. 8295, Vernon's Annotated Texas Civil Statutes) at that time. Bomar v. Carstairs, 1935, 124 Texas 492, 79 S.W. 2d 841 (3); Leatherwood v. Stephens, 1930, Texas Com. App., 24 S.W. 2d 819 (1).

Respondent John O. Slaton was adopted in 1943. He can take no portion of property owned at the time of B. H. Murphy's death. As to the individual property of Annie E. Murphy, both real and personal as we have defined same above, he will share in this under the 1948 codicil in accordance with the express provisions of the Annie E. Murphy codicil of August 5, 1950. The same rule of law will apply to any other adopted children of the Murphy "child or children or descendants of any child or children."

■ Respondent contends that since each codicil has been admitted to probate, and without any contest or appeal, the provisions of each codicil must control the disposition of the property described in said codicil. We have held that the codicils cannot change the disposition of property owned at the time of B. H. Murphy's death. The Probate Court in admitting the codicils to probate had no power to construe their effect or the right of any one to take under such codicil. Nye v. Bradford (8), supra; Huston v. Cole, 1942, 139 Texas 150, 162 S.W. 2d 404 (1); Shawver v. Parks, supra; Laborde v. First State Bank & Trust Co. of Rio Grande City, Texas Civ. App., 1936, 101 S.W. 2d 389, 169 A.L.R. 53, Anno.-*Joint, Mutual, and Reciprocal Wills*, 2. Both codicils are binding and controlling as to all property of Annie E. Murphy acquired after the death of B. H. Murphy, and the beneficiaries named in the 1948 codicil can take her individual property as therein provided. They cannot take as to property owned at the death of B. H. Murphy, except as provided in the joint will of 1928.

The record before us is not sufficient for us to determine just what property, real and personal, was owned by the B. H. Murphy estate or the Annie E. Murphy estate at the time of their respective deaths, so this cause must be reversed and remanded to the trial court for further proceedings in accordance with this opinion.

Associate Justice Walker not sitting.

Opinion delivered December 8, 1954.

Rehearing overruled January 5, 1955.