J. O. DANNER, Individually and as Independent Executor of the Estate of Ollie Lee Huckabee Danner, Deceased, Appellant,

v.

Christene McMAHAN, Successor Administratrix of the Estate of G. L. Huckabee, Deceased, et al., Appellees.

No. 8334.

Court of Civil Appeals of Texas, Amarillo.

Jan. 22, 1973.

Rehearing Denied Feb. 20, 1973.

Thos. R. Hartnett, III, Dallas, for appellant.

John E. Vickers, McWhorter, Cobb & Johnson, Jack P. Driskill, Lubbock, for appellees.

REYNOLDS, Justice.

Summary judgment was rendered favorable to the successor administratrix of a first deceased husband's estate in her declaratory judgment action brought against the independent executor of the later deceased wife's estate, and an impleaded bank and gin allegedly possessing estate properties, to determine the rights, and to recover the title to and possession of properties passing and vesting, under the joint and mutual will of the decedents. Additionally, the judgment summarily denied the executor's cross-action against the bank, and discharged the bank and gin, allowing them recovery for attorneys' fees. Reversed and remanded.

In 1952, G. L. Huckabee and Ollie Lee Huckabee husband and wife without issue, executed a joint will, agreed by the litigants to be a mutual will. By the terms of the will, each testator devised and bequeathed to the survivor a life estate in the property with power of disposition, with the provisions that at the death of the survivor, the fee simple title to "any of such estate then remaining," after payment of debts, vests in named beneficiaries. One-half of the remaining estate vested equally in six named heirs of G. L. Huckabee, and the other one-half vested equally in nine named heirs of Ollie Lee Huckabee. Each testator named the survivor as independent executor or executrix of the first deceased's will and estate. Except for independent executors designat-

ed in the event both testators died from the same event or within the same month, the will did not appoint a personal representative of the estate of the survivor.

G. L. Huckabee died in 1958. Ollie Lee Huckabee probated the 1952 will as his last will, qualified as independent executrix and took possession of and administered the property. Mrs. Huckabee thereafter married J. O. Danner and no child was born as issue of this marriage. In 1963, Ollie Lee Huckabee Danner executed another will, specifying that it did not revoke the 1952 joint and mutual will. After directing payment of all debts, this will undertakes to vest in J. O. Danner all of Mrs. Danner's property, except for the real property remaining and passing under the 1952 will. Mrs. Danner died in 1970. J. O. Danner, named as independent executor in her 1963 will, probated this will and qualified as independent executor. The filed inventory listed, among other items, a checking account and a savings account in the American State Bank of Lubbock, and a certificate of deposit issued by the same bank, all in the name of Mr. or Mrs. J. O. Danner, as the community property of Ollie Lee Huckabee Danner and J. O. Danner. The portion of the inventory brought forward in the appellate record does not include a listing of estate debts.

Some two weeks after the death of Mrs. Danner, her sister, Christene McMahan, one of her named beneficiaries in the 1952 will, applied to be, and was, appointed successor administratrix of G. L. Huckabee's estate. As the duly qualified and acting successor administratrix, Christene McMahan, sometimes referred to as plaintiff, instituted this declaratory judgment action. J. O. Danner, individually and in his representative capacity, was the primary defendant, and the American State Bank of Lubbock and the Citizens Co-op Gin in Lamb County were impleaded third party defendants. As her pleadings were finally cast, the plaintiff sought to have adjudicated and decreed her representative entitlement to recover, by reversion to and subject to administration of the G. L. Huckabee estate: (1) title to and possession of the real estate passing under the 1952 will and remaining on hand at the death of Ollie Lee Huckabee Danner; (2) specified amounts, as unexpended funds passing under the 1952 will, of the funds represented by the checking and savings accounts and the certificate of deposit shown by Danner's inventory to be community property belonging to his deceased wife and him; and (3) title to and the proceeds from the preferred stock of the Citizens Co-op Gin, together with crop proceeds from the real estate held by the gin.

Danner filed a plea in abatement grounded on the lack of legal capacity of the successor administratrix to maintain the action, asserting the beneficiaries under the 1952 will were indispensable parties plaintiff. The plea was overruled. The American State Bank answered, claiming to be an innocent stakeholder, recited adverse claims to the funds it held, tendered into court the funds representing the checking and savings accounts, offered to tender the certificate of deposit funds upon surrender of the certificate properly endorsed, and prayed for dismissal with attorney's fees. The Citizens Co-op Gin answered, tendered into court the crop monies held by it, offered to pay the stock proceeds when payment was authorized by its board of directors to the person(s) named by the court, and prayed that it be dismissed with attorney's fees. J. O. Danner filed his cross-action for damages against the bank for alleged fiduciary duty violations in furnishing to the attorney for plaintiff the bank's records relating to his and his deceased wife's accounts, and for its failure to pay the funds to him on demand. Plaintiff filed a motion for summary judgment for recovery on her claims, and then requested that the proceedings be severed into three causes of action representing, respectively, her suit for recovery of the real estate, her suit for recovery of the other property, and Danner's cross-action against the bank. The bank then filed its

motion for summary judgment for dismissal as an innocent stakeholder without liability to Danner, and its opposition to a severance.

Following a hearing of the two summary judgment motions, the trial court entered its order granting both motions and decreeing that: (1) plaintiff is awarded absolute fee simple title from and after the death of Ollie Lee Huckabee Danner to the real estate, and this portion of the controversy is severed from the remainder; and then further decreed that: (2) plaintiff recover certain specified sums of money, recoverable from funds deposited or to be deposited in the registry of the court, with interest on particular funds; (3) Danner deliver the certificate of deposit to the registry of the court, the certificate is canceled and the bank is directed to pay the proceeds thereof into the registry of the court; (4) attorneys' fees in fixed amounts be taxed as costs and be paid to the attorneys for the bank and the gin out of the funds in the registry of the court; (5) plaintiff have judgment against Danner for any amount of the monetary recovery in excess of the funds on deposit in the registry of the court; (6) any claim of the plaintiff to Danner's homestead be canceled; (7) Danner's cross-action against the bank is denied as a matter of law, and the bank is dismissed; (8) Citizens Co-op Gin is dismissed; and (9) all costs are adjudged against Danner.

Danner than brought this appeal, attacking the propriety of the summary judgment in seven points of error. After the appeal was perfected, J. O. Danner died and, upon suggestion of his death, Jessie Danner Matthews, the qualified independent executrix of J. O. Danner's estate, is substituted as appellant, but the appeal will be referenced to the trial parties. Inasmuch as the summary judgment must be reversed and the cause remanded for further proceedings, the appellate issues will be discussed generally rather than by specific points of error.

While Murphy v. Slaton, 154 Tex. 35, 273 S.W.2d 588 (1954), recognized that the survivor to a mutual will technically may revoke it, that case, as made explicit in Weidner v. Crowther, 157 Tex. 240, 301 S.W.2d 621 (1957), holds that effective revocation will be prevented by a court of equity in allowing the beneficiaries under the mutual will to receive their rights thereunder. Correspondingly, the litigants are agreed that, although Mrs. Danner's 1963 will declared that it did not revoke the 1952 will, the portion of the 1963 will providing for a different disposition of property passing under the 1952 will is repugnant to the provisions of the 1952 will, and is ineffective. On appeal, Danner questions neither the title to the designated real property nor the specific amounts of money to be vested in the beneficiaries under the 1952 will; rather, the thrust of the appeal concerns the procedural mechanics of that determination and the summary disposition of his cross-action against the bank.

■ Property passing into the possession of the executor, even though specifically devised, is subject to the debts and costs of administration. Freeman v. Banks, 91 S.W.2d 1078 (Tex.Civ.App.— Fort Worth 1936, writ ref'd). Danner, as independent executor, had the right of possession of Ollie Lee Huckabee Danner's estate as it existed at her death, to administer and dispose of in accordance with law. Boyles v. Gresham, 153 Tex. 106, 263 S.W. 2d 935 (1954). The Huckabee property vested in the remaindermen upon the death of G. L. Huckabee when the 1952 will was probated, subject, however, to the life estate of Ollie Lee Huckabee, the possibility of divestiture through the power of disposition given in the will, and administration, including, by the specific provision of the 1952 will, "after the payment of any just debts owing by such survivor." We perceive nothing in the 1952 will that would permit, contrary to general law, much less require, that property to revert to the first estate under the 1952 will, or to the per-

sonal representative thereof, for administration and distribution. The administration of Ollie Lee Huckabee Danner's estate as it existed at her death and the distribution of that estate after payment of debts was the duty and responsibility of Danner, her independent executor, and his successor in office,[1] and not the responsibility or duty of the successor administratrix of H. L. Huckabee's estate.

This record does not reveal that the 1952 will, although effectively republished by Mrs. Danner's 1963 will, was again offered for probate after her death; however, the failure to again probate the 1952 will as that of Ollie Lee Huckabee Danner does not defeat any rights of the beneficiaries under that mutual will. Tips v. Yancey, 431 S.W.2d 763 (Tex.Sup.1968). The property passing under the 1952 will at the time of G. L. Huckabee's death and undisposed of at the death of Ollie Lee Huckabee Danner vested under the 1952 will unaffected, as the parties agree, by any disposition made in Mrs. Danner's 1963 will. If her representative refuses to distribute or account for the same after lawful administration, the beneficiaries under the 1952 will may enforce their rights. Murphy v. Slaton, supra. Thus, the trial court was in error in vesting the title to the Huckabee property in the successor administratrix of G. L. Huckabee's estate.

The trial court also erroneously summarily dismissed Danner's cross-action against the bank because the bank's summary judgment proof failed to establish its right thereto as a matter of law. The bank accounts were carried in the names of, and the certificate of deposit was made payable to, Mr. or Mrs. J. O. Danner. The bank's pleadings allege that at the time demand was made for the funds on behalf of Danner, the bank had been advised of the pending court action in which the successor administratrix was making some claim, "the

exact nature of which is unknown," to the funds. In this connection, a bank officer's affidavit attached to the bank's motion for summary judgment only states, "after being put on notice by Christene McMahan of her interest in the funds, the American State Bank stopped payment on the funds and refused to allow anyone to withdraw the funds until such person duly established a legal right to the funds." The affidavit then advances the pure conclusional legal opinion that the bank "acts as a mere stakeholder." From these premises then the bank argues that, although under the Banking Code of 1943, Vernon's Ann.Civ.St. renumbered art. 342–705, it was not required to recognize the claim of plaintiff until served with court process, once it was served, it became a stakeholder and could not safely pay the funds to Danner without the risk of liability to plaintiff that was later determined by the trial court. The fallacy of this position is that it is not established by the bank's summary judgment proof. The summary judgment evidence is silent as to the relationship created by the "or" accounts, the nature of Danner's demand—i. e., whether as survivor or executor—and the times of the adverse demand and claim, particularly with reference to the time the bank was served with court process in this proceeding.

Absent evidence of survivorship rights, the survivor of a joint "or" account is not entitled to claim the account *as a survivor.* Forehand v. Light, 452 S.W.2d 709 (Tex.Sup.1970). But, under the Banking Code's renumbered art. 342–706, V.A. C.S., until it is served with court process, a bank may pay to the survivor without liability, and under the rationale of Krueger v. Williams, 163 Tex. 545, 359 S.W.2d 48 (1962), a party with survivorship rights is entitled to receive as the owner, joint "or" deposits after the death of the other joint owner. To establish its status and right to dismissal as a mere stakeholder, the bank's

1. Post-submission information is that Christene McMahan has qualified as successor administratrix of Mrs. Danner's estate.

summary judgment burden was by competent summary judgment evidence to prove, and not on Danner to disprove, that as a matter of law Danner had no survivorship rights in the accounts and that the bank was served with process before Danner made demand for the deposits. The summary judgment evidence was deficient in both respects. Having failed to prove that there is no genuine issue as to any material fact, the bank failed to prove its entitlement to summary judgment as a matter of law, and summary judgment rendered for it was in error. Rule 166–A, Texas Rules of Civil Procedure; Harrington v. Young Men's Christian Ass'n of Houston, 452 S.W.2d 423 (Tex.Sup.1970).

This record is devoid of any evidence or proof of either the amount or reasonableness of attorneys' fees to support the trial court's award in fixed amounts. Moreover, the right of the trial judge to fix attorney's fees in a proceeding where the trial judge acts as the trier of the facts has no application to a summary judgment proceeding. Himes v. American Home Fence Company, 379 S.W.2d 290 (1964). Accordingly, each attorney's fee recovery decreed was erroneous.

One other provision of the summary judgment rendered is required to be noticed. The judgment dismissed Citizens Co-op Gin as a third party defendant without a summary judgment motion therefor being filed. In the absence of a summary judgment motion, the court is without authority to render summary judgment. Hudgens v. Texas Casualty Insurance Company, 465 S.W.2d 832 (Tex.Civ.App.— Amarillo 1971, writ ref'd n. r. e.).

The trial court's summary judgment is reversed, and the cause is remanded.

ELLIS, C. J., not sitting.