**Lee BAUGH, Appellant,**

v.

**Evvie C. MYERS, Appellee.**

**No. 1796.**

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 20, 1981.

Rehearing Denied Sept. 10, 1981.

Sam Westergren, Jr., Corpus Christi, for appellant.

John A. Sixta, Jr., Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

This appeal involves a determination of title to land under the terms of a will executed jointly by a husband and wife. If the will in question was joint, and not joint and mutual, it gave appellee, Evvie C. Myers, fee simple to the land, and she would be obligated to sell the land under an option to purchase in a lease agreement with appellant, Lee Baugh. If the will was joint and mutual it gave appellee only a life estate, and she would be precluded from selling the property under the option provision in the lease.

In the original suit filed by Mrs. Myers against Baugh, she sought title and possession of the property in question because, according to her, Baugh breached the lease agreement by ceasing to make the monthly rental payments. Baugh filed a general denial and a cross-action wherein he sought specific performance of the option to purchase. Trial was to the court without a jury. The trial court denied all relief sought by Baugh and rendered judgment in favor of Mrs. Myers. Findings of fact and conclusions of law were filed. Among other things, the trial court concluded that Baugh had breached the lease and that Mrs. Myers owned only a life estate, and, therefore, she did not have the power of sale under the lease. Baugh appeals. We affirm.

There are actually two basic issues in this appeal: 1) construction of a will and 2) construction of a lease agreement. About the first issue, appellee, Evvie C. Myers and her husband, J. H. Myers, executed a joint will on March 26, 1971. This one document, which both parties signed, reads in part as follows:

"SECOND

It is our will and desire, and we do direct that the survivors of us, J. H. Myers or Evvie C. Myers as the case may be shall, with the right and authority below given, have all of the estate of every description, real, personal or mixed, which either or both of us may own, to be used, enjoyed or occupied during the life of such survivor.

## THIRD

It is our intention in making this will that none of the legatees devisees under said will with the exception of the last taker, shall have the right to alienate, sell or dispose of the property of said estate.

## FOURTH

We further direct that upon the death of the survivor described in section Two thereof that all of said property, real personal or mixed, shall vest in Violet Makine Landreth and Donald Lee Chandler and Linda Sue Golightly these three shall share Equally in our estate for their natural lives, Subject however to the following provision: That if the heirs mentioned in section four give birth to or have any child or children born after execution of this will, then under such circumstances each said after-born child shall share equally with said heirs mentioned in section four in said estate, real, personal or mixed."

J. H. Myers died soon thereafter and Mrs. Myers filed the will for probate July 31, 1974.

The appellant contends that the trial court erred in holding that the will is joint and mutual. He argues that the will is only a joint will.

■ In that regard, a joint will is described as a single testamentary instrument which contains the wills of two or more persons, is executed jointly by them and disposes of property owned jointly, in common, or in severalty by them. *Fisher v. Capp*, 597 S.W.2d 393 (Tex.Civ.App.— Amarillo 1980, writ ref'd n.r.e.). A joint and mutual will creates contractual obligations between the signing parties to dispose of the property according to a plan. *Nye v. Bradford*, 144 Tex. 618, 193 S.W.2d 165 (1946). This key distinction of the mutuality of obligation imposed on the surviving spouse to dispose of property according to the will is irrevocable upon the death of one spouse. *Fisher v. Capp*, supra at 399–400.

■ The will before us evidences an agreement between husband and wife to dispose of "... all of the estate of every description, real, personal, or mixed, which either or both of us may own ....." As the Supreme Court noted in *Nye v. Bradford*, supra, "(T)he will treats the property of the testators as one, and the dispositions made are joint gifts from the testators...." It was clearly the intent of the parties, by the very terms of the will, to make a testamentary contract to which both parties would be bound. See *Weidner v. Crowther*, 157 Tex. 240, 301 S.W.2d 621 (1957); *Murphy v. Slaton*, 154 Tex. 35, 273 S.W.2d 588 (1954); *Harrell v. Hickman*, 147 Tex. 396, 215 S.W.2d 876 (1948).

We hold that the will contractually obligated the surviving spouse to dispose of property according to its terms. This holding determines the second issue in this appeal, that of construction of the lease. The lease in question was executed on September 18, 1976, between appellee and Curtis Ripley for the land and improvements thereon located in Nueces County, Texas, for a term of five years. Monthly payments of $611.10 were due on or before the 18th of each month. The lessee also received a "first Option to buy or re-lease the above said property, if and when a clear Title and Title policy can be secured."

■ On December 20, 1978, appellant purchased an assignment of the lease from Ripley, which assignment was consented to by the appellee in February of 1979. In March of 1979, appellant tendered an Earnest Money Contract to the appellee purportedly exercising the lessee's option to purchase the property. From then until October of 1979, appellant made no more monthly rental payments. The record reflects that all of the parties and their attorneys recognized a problem at the time of the tender about whether the appellee could in fact sell the property.

The trial court concluded that the appellee did not possess a power to convey any interest larger than her life estate. Under the will, the survivor only received a life estate in all property owned by either or both spouses. Upon the death of her hus-

band, J. H. Myers, this provision became irrevocable. Therefore, the trial court was correct in its holding because the appellee did not have the power to sell the property in fee simple due to the obligations to dispose of the estate of both spouses under the will.

Further, the third clause of the will clearly provided that only the "last taker," (not the appellee) i. e., the last living remainderman, could alienate the property. Thus, the option could not be exercised in that ". . . a clear Title and Title policy" could not be secured showing full ownership in the appellee.

■ Aside from considerations of the appellee's power to sell under the will, the evidence supports the trial court's conclusion that the appellant breached the lease by his failure to make monthly rental payments. Therefore, he was precluded from successfully exercising the option to purchase under the lease. We have thoroughly considered all of appellant's points of error and they are all overruled.

The judgment of the trial court is affirmed.