William C. ODENEAL, Jr. et al., Petitioners,

v.

Parkes VAN HORN, Respondent.

No. C–3142.

Supreme Court of Texas.

Oct. 24, 1984.

Odeneal & Odeneal, William C. Odeneal, Dallas, for petitioners.

Kelsey, Gregory, Holt & Phillips, Richard H. Kelsey, Denton, for respondent.

PER CURIAM.

Parkes Van Horn filed a declaratory judgment action against William C. Odeneal, Jr. and Vaude Van Horn seeking a determination that the joint will executed by Parkes and his wife, Virginia, was not contractual. The trial court granted summary judgment for Odeneal, trustee under the will, and Vaude Van Horn, one of the beneficiaries, finding the will contractual as a matter of law. The court of appeals, in an unpublished opinion, reversed, holding that a fact issue existed as to the parties' intent.

Summary judgment is proper if the movant conclusively proves all the elements of his cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). The question here is whether Odeneal and Vaude Van Horn conclusively established the will was executed pursuant to a binding agreement.

In 1969,[1] the Van Horns executed the will, pertinent parts of which read:

We, Parkes Van Horn and Virginia Van Horn, husband and wife, ... do make, publish and declare this *our Joint Last Will and Testament ...*

*We* give, bequeath and devise to the *survivor of us all property, real, personal and mixed, both community and separate, that we may own at the time of the death of the first of us to die* so that the *survivor of us* shall have, own and hold all such property for and during his or her natural life with remainder in fee simple upon the death of the survivor to W. CLYDE ODENEAL, if living, as Trustee for the use and benefit of our beloved children, VAUDE VAN HORN, and CARRIE LEE VAN HORN; but if said W. Clyde Odeneal not then be living, WILLIAM C. ODENEAL, JR. shall be the Trustee for the use and benefit of our said children, or any other children who may hereafter be born to or adopted by us. *We* also give, bequeath and devise to said W. CLYDE ODENEAL or WILLIAM C. ODENEAL, JR., as Trustee for the use and benefit of our said children, *all property of every kind and description that may be owned by the survivor of us upon his or her death.* (emphasis added).

Virginia died on August 30, 1972 and was survived by Parkes, her husband, and their children, Carrie and Vaude.

■ The Van Horn will includes language on its face which has been found to evidence an intent to contract. *Novak v. Stevens,* 596 S.W.2d 848 (Tex.1980); *Dougherty v. Humphrey,* 424 S.W.2d 617 (Tex.1968); *Murphy v. Slaton,* 273 S.W.2d 588 (Tex.1954). A joint will is contractual if it is executed by both parties and sets forth a comprehensive plan to dispose of all the property of both parties. *Novak v. Stevens,* 596 S.W.2d 848 (Tex.1980). The Van Horn will sets forth a plan to dispose

of "all property, real, personal and mixed, both community and separate."

■ This language is sufficient to show on its face that Parkes and Virginia Van Horn executed their joint will pursuant to an agreement as to the distribution of their property. "A will like that could not have been made without agreement between the testators that it should be so made." *Murphy v. Slaton,* 154 Tex. 35, 273 S.W.2d 588 (1954) (*quoting Nye v. Bradford,* 144 Tex. 618, 193 S.W.2d 165 (1946)).

■ A basic rule of wills construction is to determine the intent of the testator from the "language used within the four corners of the instrument." *Shriner Hospital for Crippled Children v. Stahl,* 610 S.W.2d 147 (Tex.1980). Thus, when the testators' intent is apparent on the face of the will, extrinsic evidence is not admissible to show a contrary meaning. *Kirk v. Beard,* 162 Tex. 144, 345 S.W.2d 267 (1961).

■ It is clear on the face of the will that Parkes and Virginia Van Horn agreed to dispose of all of their property in the manner prescribed in the will. The parties' intent is apparent on the face of the instrument, and the courts cannot resort to extrinsic evidence. Therefore, the court of appeals erred in finding that a fact issue existed as to the intent of the parties.

We, therefore, grant petitioners' application for writ of error and, without hearing oral argument, reverse the judgment of the court of appeals and affirm the judgment of the trial court. Tex.R.Civ.P. 483.

---

**1.** The Probate Code provides that a contractual will executed after September 1, 1979 must specifically state that a contract exists. Tex.Prob. Code Ann. § 59A (Vernon 1979). This will was executed in 1969, so § 59A is inapplicable to the case at bar.